COMMONWEALTH *vs.* A JUVENILE (No. 1).

Bristol.    April 6, 1976. — June 10, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER,
& KAPLAN, JJ.

*Evidence,* Polygraphic test.    *Practice, Criminal,* New trial.

Where this court's decision in *Commonwealth* v. *A Juvenile,* 365 Mass.
421 (1974), limited the consideration of the defendant's motion for
a new trial to the single issue whether the judge would allow the
defendant's motion for a polygraph test under the guidelines set
forth in that opinion, and where the judge found that the defendant
was no longer suitable for such an examination, the fact that the
favorable results of an earlier test were known to the defendant at
the time of his motion rendered that test inadmissible and pre-
cluded the allowance of a new trial.  [453-454]

COMPLAINT received and sworn to in the Fourth District
Court of Bristol on April 13, 1970.

Following the decision of this court reported in 365
Mass. 421 (1974) the case was reported to the Appeals
Court by *Taveira,* J. The Supreme Judicial Court, on its
own initiative, ordered direct review.      ·

*John A. Tierney,* District Attorney, for the Common-
wealth.

*James W. Lawson* for the defendant.

HENNESSEY, C.J.    This case arises as a result of our
decision in *Commonwealth* v. *A Juvenile,* 365 Mass. 421
(1974), wherein this court held that if the defendant filed
a motion for a new trial within thirty days, the Superior
Court was to hold a hearing on the motion, limited to "the
single issue of whether the judge will allow, as a matter of
discretion, consistent with our holdings, the defendant's
motion for a polygraph test." *Id.* at 433. Following our de-
cision in *A Juvenile,* the defendant timely moved for a
new trial, whereupon the judge, without a hearing on the

motion and prior to a decision, reported the case to this court for a determination of questions relating to the admissibility of the defendant's original polygraph test and to the jurisdiction of the Superior Court.

The issues reported are as follows: "1. Does this court have *any* jurisdiction over the juvenile in view of the fact that he has now attained the age of eighteen years? . . . 2. Does this court have any jurisdiction over the juvenile where he has completed the prescribed terms of punishment? 3. In view of the language in *Commonwealth* v. *A Juvenile* . . . limiting the defendant's Motion for a New Trial to the 'single issue' of whether the court will allow in its discretion the defendant's Motion for a New Polygraph Test, and in view of the fact that this court is of the opinion that the defendant is no longer a fit subject for a polygraph examination, may this court admit into evidence the results of the original test?"

The facts pertinent to this case are as follows. On April 13, 1970, a complaint was issued in the juvenile session of the Fourth District Court of Bristol charging that the defendant was a delinquent child in that he did commit murder. After a hearing in the District Court, he was adjudged to be a delinquent child and was committed to the Department of Youth Services. On appeal to the Superior Court pursuant to G. L. c. 119, § 56, the defendant was adjudicated a delinquent by reason of murder in the second degree. Subsequently, this court reversed the judgment of the trial court, set aside the verdict, and remanded the case for a new trial. *Commonwealth* v. *A Juvenile*, 361 Mass. 214 (1972). The defendant was again tried in Superior Court and found delinquent by reason of manslaughter on March 14, 1973.

The defendant appealed to this court again, and on June 12, 1974, the court issued its decision in *Commonwealth* v. *A Juvenile, supra*. In that case the court considered the question of the admissibility of polygraph or "lie detector" test results. The court, although not overruling its prior holding in *Commonwealth* v. *Fatalo*, 346 Mass. 266 (1963), concluded that "if a defendant agrees in

advance to the admission of the results of a polygraph
test regardless of their outcome, the trial judge, after a
close and searching inquiry into the qualifications of the
examiner, the fitness of the defendant for such examina-
tion, and the methods utilized in conducting the tests,
may, in the proper exercise of his discretion, admit the
results, not as binding or conclusive evidence, but to be
considered with all other evidence as to innocence or
guilt." 365 Mass. at 426. Accordingly, this court held that
if the defendant filed a motion for a new trial within
thirty days, the judge, after conducting a hearing, could
allow the motion as a matter of discretion if the above
conditions were satisfied. *Id.* at 440.

Following our decision in *A Juvenile*, the defendant
moved for a new trial in the Superior Court. Because the
defendant attained the age of eighteen on July 11, 1974,
the judge below questioned, in view of G. L. c. 119, § 72,[1]
the jurisdiction of the Superior Court to grant a new trial
(question 1). In addition, the judge, observing that the
defendant has completed the sentence imposed, raises the
issue of whether this case is now moot (question 2). Aside
from these questions relating to jurisdiction and mootness,
the judge also seeks a determination as to the admissibility
of the defendant's original polygraph test which was ad-
ministered on May 26, 1970 (question 3). It is clear from
the briefs and arguments that there is objection by the
Commonwealth to the admission of the evidence. This
inquiry arose, because, in the opinion of the judge, the
defendant is no longer a fit subject for a polygraph exami-
nation.[2]

---

[1] General Laws c. 119, § 72, as amended through St. 1969, c. 838, § 23,
provides in part: "Nothing herein shall . . . give any court in its juvenile
session any power or authority over a child after he has attained his
eighteenth birthday."

[2] This opinion appears to be based on an affidavit, incorporated into
the judge's report, of the polygraph examiner who conducted the poly-
graph examination of the defendant in 1970. At the solicitation of the
defendant's counsel, Charles Zimmerman indicated in his affidavit that
"it is my expert opinion that no meaningful re-examination of the
defendant can be conducted which would be representative of the

First of all, addressing this third question only, we conclude that since it is evident that the judge does not choose in his discretion to permit the introduction in evidence of a new polygraph examination because of the defendant's present unsuitability for such an examination, our decision in *A Juvenile*, by its narrow terms, precludes the allowance of a new trial.

Secondly, in answer to the third question, the results of the 1970 polygraph examination may not be admitted over the objection of the Commonwealth. It is clear from *A Juvenile* that the admissibility of polygraph evidence is to be "limited to carefully defined circumstances designed to protect the proper and effective administration of criminal justice." 365 Mass. at 425. The circumstances enumerated by this court include only four instances,[3] all of which require that the defendant agree in advance to the admission of the results of the polygraph test irrespective of the results. *Id.* at 431. In the defendant's case, it was recognized that, since he was aware of the favorable polygraph results before making his motion, he would be restricted to option (2), (3), or (4), see note 3 *supra*, unless he was to make a new selection of another expert and to agree in

---

events and circumstances in question. While the passage of time, in and of itself would not be a deterrent for the re-examination of the defendant, the behavior pattern of unlawful activities on the part of the defendant since the event in question would totally overshadow and overpower a meaningful re-examination . . . . [I]t would be impossible to examine the period of time in issue without the events which have subsequently transpired from interfering with the defendant's responses. In short, the degree of certainty or clarity of any test now administered to the defendant would neither warrant nor permit judicial use or consideration."

[3] The four situations in which polygraph tests may be admissible within the judge's discretion are: "(1) where the defendant moves that he be allowed to submit to an examination conducted by an examiner of his own choosing; (2) where the defendant moves that he be allowed to submit to an examination administered by an expert chosen by the Commonwealth; (3) where the defendant moves to be allowed to submit to an examination conducted by a jointly selected examiner, or by examiners designated by the defendant and by the Commonwealth; or (4) where the defendant moves that the court appoint an examiner." 365 Mass. at 430-431 (1974).

advance to the admissibility of the test results. *Id.* at 431 n.8.

However, because of the circumstances which were described in the affidavit submitted by the polygraph examiner (see note 2 *supra*), and which were obviously accepted as true by the judge, it is not now possible for the defendant to avail himself of any of the four options outlined by the court (see note 3 *supra*), for he is no longer considered to be a fit subject for a polygraph test. And while it may appear harsh that the defendant will not be able to benefit from the precedent he helped to establish, we are unwilling to undermine *A Juvenile* so as to permit the introduction of a polygraph test where the defendant is unable to comply with the safeguards set forth in that decision. The position urged by the defendant would be contrary to both *Commonwealth* v. *Fatalo*, 346 Mass. 266 (1963), and *A Juvenile*, which declined to overrule *Fatalo* and to make polygraphic evidence generally admissible. *Id.* at 433 n.11. Thus, in response to the judge's question, we conclude that the results of the defendant's 1970 polygraph test are inadmissible, since the defendant was aware of the polygraph results before making his motion.

In view of our conclusion as to the inadmissibility of the defendant's original polygraph test, we do not need to address the first two questions posed by the judge. There can be no doubt as to the defendant's unfitness for a new polygraph test considering the judge's report[4] and the affidavit submitted by the defendant's polygraph examiner, see note 2 *supra*. Therefore, it would be a useless gesture for us to remand this case to the Superior Court for a third time. Accordingly, in the interest of ending this prolonged litigation, we affirm the judgment entered below.

*Judgment affirmed.*

---

[4] The judge stated that "this court is of the opinion that the defendant is no longer a fit subject for a polygraph examination . . . ."