**James J. LENO, Petitioner, Appellant,**

v.

**Charles W. GAUGHAN, Commonwealth of Massachusetts, Respondents, Appellees.**

**No. 81–1274.**

United States Court of Appeals, First Circuit.

Argued Oct. 8, 1981.

Decided Nov. 23, 1981.

* Of the Southern District of New York, sitting by designation.

1. This evidence was introduced pursuant to Mass. G.L. c. 233, § 21 which reads in relevant part:

   The conviction of a witness of a crime may be shown to affect his credibility, except as follows:

   First, The record of his conviction of a misdemeanor shall not be shown for such purpose after five years from the date on which sentence on said conviction was imposed, unless he had subsequently been convicted of a crime within five years of the time of his testifying.

George F. Gormley, Boston, Mass., with whom Alice A. Hanlon, Boston, Mass., was on brief, for petitioner, appellant.

William D. Luzier, Jr., Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Stephen R. Delinsky, Asst. Atty. Gen., Chief, Crim. Bureau, and Barbara A. H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate, Boston, Mass., were on brief, for respondents, appellees.

Before CAMPBELL and BOWNES, Circuit Judges, and BONSAL,* Senior District Judge.

PER CURIAM.

Appellant Leno was tried and convicted in the Massachusetts Superior Court on charges of rape and assault with intent to commit rape. During the trial, appellant took the stand to testify in his own behalf. To impeach appellant's credibility the prosecution introduced evidence, as Massachusetts law permits, of appellant's prior convictions of rape and assault.[1] The trial judge instructed the jury that these prior convictions were to be considered for the limited purpose of determining appellant's credibility.

Appellant's appeal was subsequently denied in the Massachusetts Supreme Judicial Court. *Commonwealth v. Leno*, 374 Mass. 716, 374 N.E.2d 572 (1978). Appellant then petitioned for a writ of habeas corpus in the United States District Court for the District of Massachusetts. The present appeal is

Second, The record of his conviction of a felony upon which no sentence was imposed or a sentence was imposed and the execution thereof suspended, or upon which a fine only was imposed, or a sentence to a reformatory prison, jail, or house of correction, shall not be shown for such purpose after ten years from the date of conviction. . . .

Third, The record of his conviction of a felony upon which a state prison sentence was imposed shall not be shown for such purpose after ten years from the date of expiration of the minimum term of imprisonment imposed by the court, unless he has subsequently been convicted of a crime within ten years of the time of his testifying.

from that court's dismissal of the habeas petition.

Appellant contends that introduction of the prior rape and assault convictions, under Mass.G.L. c. 233, § 21, deprived him of due process of law. While he does not argue that it would necessarily be improper to use prior convictions for impeachment in other types of criminal proceedings, he insists that to allow the introduction of prior rape convictions in a rape case so prejudices the jurors as to preclude a fair trial.

The district court ruled that this case is controlled by the Supreme Court's decision in *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). In *Spencer* petitioners challenged their convictions under a Texas recidivist statute which through allegations in the indictment and proof at trial informed the jury of a defendant's past convictions. Petitioners asserted that these procedures were "so egregiously unfair upon the issue of guilt or innocence" as to deny due process. *Id.*, at 559, 87 S.Ct. at 651. In rejecting the petitioner's claim, the Court expressed a reluctance to interfere with state criminal evidentiary law, holding that where a valid state purpose was served by the introduction of the evidence and proper limiting instructions given, the due process clause of the fourteenth amendment was not violated by the introduction into evidence of defendant's prior convictions. *Id.*, at 563, 87 S.Ct. at 653.

Like the district court, we think that *Spencer* is dispositive of defendant's claim. Impeachment of the credibility of a defendant who takes the stand was listed in *Spencer* as one of the "universally accepted reasons" for admitting prior convictions. *Id.*, at 561, 87 S.Ct. at 652. We have considered appellant's argument that rape cases pose a unique risk that the jury will, contrary to its instructions, see the prior offenses as evidence of a proclivity pointing towards guilt. But rape cases do not stand

alone in this regard.[2] Embezzlement, burglary, kidnapping, drug dealing and many other offenses would involve a similar consideration. Nor do we think it indicative of unconstitutionality that, in this case, the judge may arguably have believed himself lacking in discretion, under controlling state law, to exclude prior rape convictions.

*Affirmed.*

---

**2.** Defendant points out that where the defense is consent, the accused, being likely the only witness in his own behalf, will be under a strong compulsion to testify, thus exposing himself to harm from disclosure of any prior record. Yet in cases involving other crimes, a defendant often faces precisely the same kind of dilemma.