COMMONWEALTH *vs.* CALVERT KNIGHT, JR.

Suffolk. June 3, 1983. — September 19, 1983.

Present: ARMSTRONG, GREANEY, & DREBEN, JJ.

*Robbery. Joint Enterprise. Evidence,* Prior conviction, Judicial discretion. *Practice, Criminal,* Judicial discretion, Impeachment by prior conviction.

Where it appeared from evidence at the trial of a criminal case that an armed man wearing a mask robbed employees in the front of a store while a second man, without a mask, robbed the store's manager in a separate office at the rear of the store, that both men had been seen coming from the direction of a street a short distance from the store where the defendant sat in a parked automobile, that both robbers returned separately to that location, and that the defendant drove away with the first robber, the jury were warranted in finding the defendant guilty on an indictment charging armed robbery while masked from the store's manager. [623-627]

A ruling by the judge in a criminal case that he had no discretion under G. L. c. 233, § 21, to exclude prior convictions of the defendant constituted reversible error. [627]

INDICTMENT found and returned in the Superior Court Department on May 15, 1981.

The case was tried before *Roger J. Donahue,* J.

*Randolph M. Gioia* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. The defendant was convicted on an indictment charging armed robbery, while masked, of one Frank Jackson. The theory was joint enterprise, and the defendant was the driver of the "getaway" car. He urges error in the denial of his motion for a required finding of not guilty and, in the alternative, in the denial of his motion for a finding of not guilty on so much of the indictment as charged him with being masked. He also claims that the judge erred

by ruling that he had no discretion under G. L. c. 233, § 21, to exclude prior convictions. See *Commonwealth* v. *McFarland*, 15 Mass. App. Ct. 948, 949 (1983). See also *Commonwealth* v. *Chase*, 372 Mass. 736, 750 (1977); *Commonwealth* v. *Diaz*, 383 Mass. 73, 80-82 (1981). We conclude that the defendant was not entitled to a required finding of not guilty on the indictment which charged him with armed robbery while masked, but are constrained to reverse on the authority of *McFarland*.

1. *Motion for required finding of not guilty.* The indictment charged the defendant with the robbery, while armed and masked, of one Frank Jackson and set forth that property of both Jackson and Store 24, Inc., was taken. Under the standards of *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979) (see also *Commonwealth* v. *Amaral*, 13 Mass. App. Ct. 238, 243-244 [1982]), the jury could have found the following facts. At approximately 11:45 P.M. on the night of March 31, 1981, two men, Ricardo Small and Morris Patton, coming from the direction of Gainsborough Street, where the defendant was parked, stopped in front of a Store 24 on Huntington Avenue, Boston. The time was just prior to the change of shift at the store, a time when money is removed from beneath the cash register in the front and put in a strong box in the rear of the store. Small was seen adjusting Patton's coat, a long one, "in a suspicious manner," later explained by the fact that Patton was carrying a rifle. Both men entered the store, Small staying in front and Patton going to the rear. The back of the store was separated from the front and contained a separate office. When in the rear, Patton took the rifle from beneath his coat, pointed it at Frank Jackson and led him into the office, where Jackson was forced to lie on the floor. Patton took a bag of money belonging to Store 24 from a desk and took from Jackson his wallet and a knife. Patton at no time wore a mask.

While Patton was robbing Jackson, Small, wearing a stocking mask, was similarly engaged in front holding up other employees. Jackson, however, was unaware of the

robbery in the front of the store and did not learn of it until Patton had left. Jackson never saw Small.

His mission accomplished, Small fled from the store and turned right on Huntington Avenue in the direction of Gainsborough Street, where the defendant was sitting double-parked in a white car, two car lengths away from Huntington Avenue. Small jumped into the car, slouched down in the front seat, and the car took off. It was followed by a security agent for Store 24, was seen going through several red lights, and was later stopped by policemen, who arrested Small and the defendant. Goods stolen from the front of Store 24 were found in the car, as well as Small's stocking mask.

When Patton left the store he, too, turned right towards Gainsborough Street. After seeing the white car leave followed by a Store 24 security officer, he changed direction. He was later found with the items stolen from Jackson.

The defendant claims that, at best, he can be found to be a joint venturer with Small, whom he drove away, but that there was nothing to connect him with Patton. We think, however, the following facts and the inferences which may be drawn from them are sufficient to permit a jury to conclude that the defendant was involved in a joint venture with either Patton or Small or both. The robbery was timed to coincide with the change of shift and the movement of cash, matters known to Patton, a former employee of a Store 24. Prior to their entry, Small adjusted Patton's coat presumably to conceal the rifle, an object not easily hidden and not usually carried on foot for a long distance. Both Small and Patton were seen coming from the direction of Gainsborough Street where the defendant was parked; both returned to that location. The defendant drove Small away without any hesitation and proceeded through several red lights with Small slouched down in front. This evidence could sustain a conviction of armed robbery on a theory of joint enterprise. See *Commonwealth* v. *Drew,* 4 Mass. App. Ct. 30, 32-33 (1976); *Commonwealth* v. *Amaral,* 13 Mass. App. Ct. at 242. The robberies were obviously

planned, and a car was part of the scheme. The defendant could be found to be a "participant" and to possess "the state of mind required for guilt." *Commonwealth* v. *Dyer,* 389 Mass. 677, 683 (1983).

The more difficult question is whether the defendant could be convicted of being masked. Certainly, he could have been convicted of the robbery by Small of employees in the front of the store. Since Small was armed and wore a mask, the defendant as a joint venturer could be convicted of armed robbery, while masked, of those employees. The indictment, however, only charged the defendant with the robbery of Jackson. That victim never saw Small, and the robbery in the front of the store did not occur in Jackson's presence as the back of the store was separated from the front. For this reason the defendant could not be convicted on a theory that the indictment naming Jackson is sufficient to cover the robberies in the front of the store. Compare *Commonwealth* v. *Subilosky,* 352 Mass. 153, 166 (1967), and *Commonwealth* v. *Stewart,* 365 Mass. 99, 108 (1974), cases where, although the victim named in the indictment was not the main victim, the indictment was held sufficient because the robbery was committed in the presence of the named victim, who had some protective concern for the property.[1]

Although the robbery of the victim in the back of the store is considered separate from the robberies of the victims in front, *Commonwealth* v. *Levia,* 385 Mass. 345, 351 (1982), there is here evidence from which the jury could conclude that Small also participated in the robbery of Jackson in the back of the store. They could infer that if Patton had required help, Small would have come to his aid. Indeed, they could find that Small, by taking care of the personnel in front, directly assisted Patton and insured that he encountered no interference in the back.

---

[1] For purposes of robbery "[a]n object is deemed to be within the presence of the victim if it is within his area of control." *Commonwealth* v. *Jones,* 362 Mass. 83, 87 (1972).

Where two persons jointly participate in an armed robbery of a victim and only one of them is masked, both, as well as any other joint participant who has the mental state required for the crime and knowledge of the weapon and mask, can be charged with armed robbery while masked. All "are fully liable for the aggravated form of the crime committed, even though they did not personally introduce the aggravating factor." *Schroeder* v. *State,* 96 Wis. 2d 1, 8 (1980). See *Commonwealth* v. *Breese,* 10 Mass. App. Ct. 757, 759 (1980). Cf. *Booker* v. *State,* 231 Ga. 598, 599 (1974) (armed defendant convicted of armed robbery perpetrated by unarmed accomplices).

The fact that the victim never saw the mask is not, we think, conclusive as long as one of the participants in the robbery of that victim used a mask. See *Commonwealth* v. *Novicki,* 324 Mass. 461, 465 (1949), where no robbery occurred because the victim was not put in fear but where the Supreme Judicial Court implied that had a robbery taken place, it would have been an armed one, as at least one of several defendants acting in concert, although unseen by the victim, was armed.

Where armed robbery is concerned, the victim need not be aware of the assailant's possession of the weapon. *Commonwealth* v. *Goldman,* 5 Mass. App. Ct. 635, 637 (1977), and cases cited. This is so because armed robbery is considered an aggravated form of robbery, not only because of the increased apprehension a victim may feel if a weapon is exhibited, but also because of "the potential for injury that arises from the possession of a dangerous weapon." *Commonwealth* v. *Howard,* 386 Mass. 607, 611 (1982).

We think analogous considerations are involved where a mask or a disguise is used. Armed robbery while masked or disguised is an aggravated form of robbery, not only because of increased fear on the part of the victim, but because the "effect of these masks . . . prevent[s] identification and detection." Preamble to 1952 House Doc. No. 1235, a forerunner of St. 1952, c. 406, which for the first time imposed more severe penalties for armed robbery while

masked.[2] If one of several participants in an armed robbery is disguised or masked, identification or detection of that participant, and perhaps even of the other perpetrators, is made more difficult. Accordingly, we hold that the evidence of Small's participation while masked in the robbery of Jackson in the back of the store precludes a required finding of not guilty on so much of the indictment as charges the defendant with being masked.

2. *Discretion to exclude prior convictions.* Counsel for the defendant sought a protective order urging the judge, in his discretion, to exclude the defendant's prior convictions, particularly those for armed robbery, if the defendant should decide to testify. In denying the motion, the judge stated:

> "It is my belief that we are dealing with a statute here, Section 21 of Chapter 233, and until the Legislature decides to change that statute, if they ever do, any attorney may introduce convictions which come under that statute either in a civil or a criminal proceeding. That would apply to the District Attorney or defense counsel or the plaintiff and defendant in a [civil] case."

The language quoted appears to be a ruling that the judge had no discretion to exclude the convictions. Such a ruling is erroneous, *Commonwealth* v. *McFarland,* 15 Mass. App. Ct. at 949, and cases cited, and, in view of the defendant's failure to testify, we cannot say that it was harmless. *Id.* at 950.

---

[2] As amended by St. 1952, c. 406, § 1, G. L. c. 265, § 17, provides: "Whoever, being armed with a dangerous weapon, assaults another and robs, steals or takes from his person money or other property which may be the subject of larceny shall be punished by imprisonment in the state prison for life or for any term of years; provided, however, that any person who commits any offence described herein while masked or disguised or while having his features artificially distorted shall, for the first offence be sentenced to imprisonment for not less than five years and for any subsequent offence for not less than ten years."

3. We do not consider the issue of sentencing raised by the defendant as it is unlikely to recur.

To summarize, we conclude that the defendant is not entitled to a required finding of not guilty but is entitled to a new trial because of *Commonwealth* v. *McFarland,* 15 Mass. App. Ct. at 949.

*Judgment reversed.*
*Verdict set aside.*