COMMONWEALTH *vs.* DENNIS MARTIN.

Suffolk. March 6, 1984. — June 7, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Evidence,* Polygraphic test, Judicial discretion.

It was error requiring reversal for the judge at a criminal trial to exclude from
evidence the results of a polygraph examination which had been offered
by the defendant to corroborate his testimony denying his guilt where,
after conducting a voir dire examination of the polygraph examiner, the
judge had determined that the examiner was qualified and that the test
was properly conducted. [162-164]

INDICTMENTS found and returned in the Superior Court Department on September 9, 1980.

The cases were tried before *Roger J. Donahue, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Richard Zorza (Joel Goodman* with him) for the defendant.

*Robin A. Pearl,* Assistant District Attorney *(Daniel C. Mullane,* Assistant District Attorney, with her) for the Commonwealth.

WILKINS, J.   This appeal from the defendant's convictions of rape, kidnapping, and assault and battery by means of a dangerous weapon challenges the judge's refusal to permit the results of a polygraph examination to be admitted to corroborate the defendant's testimony denying his guilt. The judge had conducted a voir dire examination of the polygraph examiner and had determined that he was qualified and that the test was properly conducted. The judge, concluding that he had wide discretion in the matter, excluded the results of the polygraph examination for two reasons. First, he did so because he had excluded evidence of the defendant's prior conviction of a similar crime, offered to impeach the defendant's credibility.

Second, the polygraph evidence was not critical, in the judge's view, because the defendant, supported by a corroborating witness, was to testify to an alibi. We reverse the convictions.

In *Commonwealth* v. *Vitello,* 376 Mass. 426, 430 n.2, 453 (1978), the court held that the results of a polygraph examination could be used to impeach or to corroborate a defendant's testimony, provided the defendant had voluntarily, knowingly, and intelligently waived his constitutional right against self-incrimination. In doing so, the court limited the admissibility of polygraph test results to a case in which the defendant testified, clarifying what this court had said in *Commonwealth* v. *A Juvenile,* 365 Mass. 421 (1974). See *Commonwealth* v. *Vitello, supra* at 430. In *Commonwealth* v. *A Juvenile, supra* at 431, we stated that, when certain essential preliminary findings have been made, a judge "may then, *in his discretion,* admit the examiner's testimony concerning the test results as evidence to be considered with all other evidence" (emphasis added). In the *Vitello* case, which clearly indicated that the Commonwealth could not introduce unfavorable test results unless the defendant testified, and in our subsequent opinions concerned with the admissibility of polygraph test results, we have not said that, if after preliminary proceedings the judge finds the examiner qualified and the test properly conducted, the judge then has a broad discretion to exclude evidence of the test results offered to corroborate a defendant's testimony. See the discussion of cases dealing with the admissibility of the results of polygraph examinations set forth in our opinion in *Commonwealth* v. *Walker, ante* 152 (1984). See also *Commonwealth* v. *Lockley,* 381 Mass. 156, 160-161 (1980) (defendant entitled to reasonably necessary polygraph examination at public expense; no discussion of a discretionary authority to deny motion); *Commonwealth* v. *Allen,* 377 Mass. 674, 677 (1979) (adverse polygraph results improperly admitted as part of Commonwealth's case in chief); *Commonwealth* v. *Moynihan,* 376 Mass. 468, 478-479 (1978) (judge properly admitted polygraph results only to corroborate the defendant's testimony).

We find no support for concluding that polygraph test results may be excluded in a judge's discretion if in his discretion he

has also excluded evidence of the defendant's prior convictions. We have noted that the admissibility of favorable test results may aid the fact-finding process by encouraging a defendant to testify in spite of the admissibility of evidence of his prior convictions. See *Commonwealth* v. *Vitello, supra* at 455. We have never said, however, that polygraph test results favorable to a defendant are admissible to corroborate his testimony only when evidence of a prior conviction has been admitted to impeach his testimony. Such a rule would benefit only defendants who had been previously convicted of a crime. Nor do we think that a trial judge, having found the examiner qualified and the examination properly conducted, has discretion to exclude the test results because he also excluded evidence of the defendant's prior convictions. Such a conclusion would grant virtually unreviewable discretion to trial judges, would discourage uniformity of treatment of defendants, and should be avoided. As a general proposition, a judge does not have discretion to exclude relevant evidence. See *Poirier* v. *Plymouth,* 374 Mass. 206, 210 (1978); *Green* v. *Richmond,* 369 Mass. 47, 59 (1975). See also Proposed Mass. R. Evid. 401-403 (1980). If there are discretionary circumstances in which a judge may exclude otherwise admissible evidence of the favorable results of a polygraph examination, they are not shown on this record. Certainly, favorable polygraph test results may not be excluded because, in the judge's opinion, the defendant has "corroborated" alibi evidence to offer.

The Commonwealth argues that, in any event, the polygraph results were unreliable and hence inadmissible because the defendant had previously been given a polygraph examination concerning the charges on which he was convicted. It is claimed that the prior examination tainted the later examination and its results. This question is one of proof, not argument. The trial judge did not rely on this contention, and the record does not support the Commonwealth's claim. It is a matter on which expert testimony would seem to be required. See *Commonwealth* v. *A Juvenile (No. 1),* 370 Mass. 450, 452-454 (1976).

We have one collateral comment. A previous trial of the defendant on these same charges had ended in a mistrial when,

because of an inadequately sanitized exhibit, the jury became aware of the defendant's prior conviction of a similar crime and, as the judge was advised during jury deliberations, one or more not guilty votes were changed to guilty as a result. In that earlier trial, the question of the admissibility of the results of the polygraph examination had been fully considered and resolved in the defendant's favor. In the absence of new evidence or a change in the law, such a matter need not have been reconsidered at the second trial, although it was within the discretion of the judge to do so. See *Commonwealth* v. *Upton,* 390 Mass. 562, 565 n.3 (1983), rev'd per curiam on other grounds, 466 U.S. 727 (1984).

Because there was a seriously contested question at trial as to the accuracy of the victim's identification of the person who kidnapped her at knife point and raped her, we cannot fairly say that the exclusion of the polygraph results was not prejudicial error. The judgments are reversed and the verdicts are set aside. The case is remanded to the Superior Court.

*So ordered.*