COMMONWEALTH *vs.* LAWRENCE MAGUIRE.

Norfolk. March 5, 1984. — July 12, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Evidence,* Prior conviction, Judicial discretion, Record of past knowledge. *Error,* Harmless. *Practice, Criminal,* Request by jury.

A judge's discretionary ruling admitting evidence of a criminal defendant's prior conviction to impeach his credibility is subject to appellate review. [467-470]

At the trial of indictments charging assault with intent to rape and aggravated rape, the judge did not abuse his discretion in admitting, for impeachment purposes only, evidence of the defendant's prior conviction for "open and gross lewdness and lascivious behavior," on which he had been fined $250. [470-471]

At the trial of a criminal case, there was no prejudicial error in the exclusion of a police report containing a statement made by a witness, where the judge would have been warranted in concluding that the memory of a police officer testifying was refreshed by reading the report, so that it was not admissible as past recollection recorded, and where, in any event, the police officer's testimony substantially paraphrased what appeared in the report. [472-473]

At the trial of a criminal case, the judge did not abuse his discretion in denying the jury's request for a transcript of a police officer's testimony. [473]

INDICTMENTS found and returned in the Superior Court Department on January 26 and March 30, 1981.

The cases were tried before *Barton, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*William J. Leahy (Bruce R. Bono* with him) for the defendant.

*Peter W. Agnes, Jr.,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. We granted the defendant's application for direct appellate review of his convictions, in a single trial, of

assault with the intent to commit rape upon one woman on August 19, 1980, and aggravated rape upon another woman on August 26, 1980.[1] The trial was a long one. The jury deliberated for four days before returning their verdicts. There was evidence tending to show that the victims mistakenly identified the defendant as the man who had attacked them. The defendant testified and denied his guilt. There was, however, sufficient evidence to warrant the convictions, and the defendant does not argue otherwise.

The defendant principally challenges the admission, for the purpose of impeachment, of the fact of his conviction on May 26, 1981, of "open and gross lewdness and lascivious behavior" in the presence of four named females. He argues that the judge abused his discretion in admitting the evidence, even though the judge instructed the jury immediately (and again in his charge) that the evidence was admitted solely on the question of the defendant's credibility. In making this argument, the defendant urges that we make available appellate review of a judge's determination to admit evidence of a prior conviction. We agree that appellate review should be and is available, but we conclude that the admission of evidence of the defendant's conviction was not an abuse of discretion. We find no error in the judge's denial of the jury's request for a transcript of the testimony of a Commonwealth witness and no reversible error in the exclusion of a written report made by that witness. We thus affirm the convictions.

In *Commonwealth* v. *West,* 357 Mass. 245, 249 (1970), this court held that the language in G. L. c. 233, § 21, as then amended, which states that a criminal conviction of a witness "*may* be shown to affect his credibility" did not grant a trial judge discretion to receive or exclude evidence of a witness's conviction. The court relied on the reasoning of *State* v. *Hawthorne,* 49 N.J. 130, 135 (1967), which the Supreme Court of

---

[1] Guilty verdicts were also returned on indictments charging breaking and entering the apartment of one of the women and for assault and battery on the other woman. These indictments were placed on file with the defendant's consent. The defendant seeks reversal of the verdicts on these charges as well.

New Jersey subsequently overruled in *State* v. *Sands,* 76 N.J. 127, 144 (1978). About forty States have taken a position similar to Fed. R. Evid. 609, providing for the exercise of discretion in the admission of evidence of most prior convictions.[2] See 3 J. Weinstein & M. Berger, Evidence par. 609[12], at 609-109 to 609-137 (1982 & Supp. 1984). Some States have done so by statute.[3] Others have done so by court rule in circumstances in which no conflicting statute existed.[4] A number of States have simply rejected the position taken in the *West* case and have read a controlling statute to grant discretion to the trial judge.[5] Still other courts have concluded that they have a right to decide what evidence of prior convictions is admissible in the face of an arguably contrary statute.[6] As these authorities show, the great weight of authority (by

---

[2] Rule 609(a) provides: "General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

[3] See, e.g., Kan. Stat. Ann. § 60-421 (1983); Okla. Stat. Ann. tit. 12, § 2609 (West 1980); Wis. Stat. Ann. § 906.09 (West 1975).

[4] See, e.g., Ariz. R. Evid. 609 (West 1983); Me. R. Evid. 609 (West 1984); Or. R. Evid. 609 (West 1984); Tex. R. Evid. 609 (West 1983). See also 3 J. Weinstein & M. Berger, *supra.*

[5] See, e.g., *People* v. *Beagle,* 6 Cal. 3d 441, 451-452 (1972); *People* v. *Montgomery,* 47 Ill. 2d 510, 515 (1971); *People* v. *Jackson,* 391 Mich. 323, 336 (1974) (see now Mich. R. Evid. 609 [1983]); *State* v. *Sands,* 76 N.J. 127, 141 (1978); *People* v. *Sandoval,* 34 N.Y.2d 371, 378 (1974); *State* v. *Gardner,* 139 Vt. 456, 459 (1981) (see now Vt. R. Evid. 609 [1983]).

[6] See *State* v. *Marquez,* 160 Conn. 47, 51-52 (1970); *State* v. *Knee,* 101 Idaho 484, 485-486 (1980); *State* v. *Morgan,* 541 S.W.2d 385, 388 (Tenn. 1976). See also 3 J. Weinstein & M. Berger, *supra* at 609-114 (Del.), and 609-134 to 609-136 (Wash.), for rules which were consciously adopted in the face of contrary statutes. Also, compare Utah R. Evid. 609 (Supp. 1983), with Utah Code Ann. 78-24-9 (1977 & Supp. 1983), as construed in *State* v. *Bennett,* 30 Utah 2d 343, 345-346 (1973). See also *New Bedford Standard-Times Publishing Co.* v. *Clerk of the Third Dist. Court of Bristol,* 377 Mass. 404, 416 (1979) (Abrams, J., concurring).

statute, by rule, and by court decision) since the *West* case was decided has been that trial judges have discretionary authority to exclude evidence of prior convictions. In *Commonwealth v. Chase,* 372 Mass. 736, 750 (1977), we commented on the possibility that a defendant might "be treated unfairly, when evidence is admitted of a defendant's prior conviction of a similar crime, particularly a crime not reflecting previous untruthfulness." See *Commonwealth* v. *DiMarzo,* 364 Mass. 669, 680-682 (1974) (Hennessey, J., concurring). We noted that "we would not deny the right of a judge to avoid any question of unfairness by excluding such evidence in a situation where the likely prejudice to the defendant is most intense." *Commonwealth* v. *Chase, supra.* We recently noted in *Commonwealth* v. *Knight, ante* 192, 194 (1984), that "judges now have discretion to preclude the use of prior convictions to impeach a defendant's credibility."[7]

The reasoning that places discretionary authority in a trial judge to exclude evidence of a defendant's prior conviction has a logical basis. The admission of evidence of a prior conviction, particularly a conviction of a crime not involving the defendant's truthfulness and one closely related to or identical to the crime with which the defendant is charged, may well divert the jury's attention from the question of the defendant's guilt to the question of the defendant's bad character. Moreover, the threat of the admission of evidence of a defendant's prior conviction of a crime may discourage him from testifying. A trier of fact will often be aided rather than impeded in its task by hearing a defendant's testimony.

---

[7] The Proposed Rules of Evidence (1980) submitted to this court for consideration contained a proposal that would have modified the result in the *West* case. Proposed Rule 609(a) provided:

"(a) General rule. For the purposes of impeaching the credibility of a witness, evidence that he has been convicted of a crime is admissible. In a criminal case, the court shall have discretion to exclude evidence of a prior conviction offered to impeach the credibility of the accused if it finds that its probative value is outweighed by the danger of unfair prejudice. There shall be no discretion to exclude a prior conviction offered to impeach the credibility of any other witness. A plea of guilty or a finding or verdict of guilty shall constitute a conviction."

Until today, we have not granted a defendant appellate review of a judge's discretionary ruling admitting evidence of a prior conviction, where "the judge exercises discretion and there is no unfairness in a due process sense." *Commonwealth* v. *Knight, supra,* quoting *Commonwealth* v. *King,* 391 Mass. 691, 695 (1984). *Commonwealth* v. *Diaz,* 383 Mass. 73, 80 (1981).[8] The defendant argues that the exercise of discretion should not be free from appellate scrutiny. We agree. We think it is time explicitly to overrule the *West* case and to give the word "may" in G. L. c. 233, § 21, its normal meaning, that is, that the admission of evidence of a prior conviction is subject to the exercise of reviewable discretion by the trial judge. A rule that denies any appellate review of the exercise of discretion "would discourage uniformity of treatment of defendants, and should be avoided." *Commonwealth* v. *Martin, ante* 161, 163 (1984). We will consider seasonably raised challenges to the admission of evidence of prior convictions of a defendant who testified at trial. The question on appeal will normally be whether there was an abuse of discretion in admitting evidence of a prior conviction because the danger of unfair prejudice outweighed the probative value of the evidence of a prior conviction for the purposes of impeachment.[9]

We turn to the circumstances of the admission of evidence of the defendant's conviction, to test whether there was an abuse of discretion, and we conclude that there was no abuse of discretion. The judge twice gave appropriate limiting instructions, and the prosecution did not misuse that evidence in its argument to the jury. The judge declined defense counsel's

---

[8] It appears that, if evidence of a prior conviction is admitted only to impeach the defendant's credibility, the due process guaranties of the Fourteenth Amendment to the Constitution of the United States are not violated. See *Spencer* v. *Texas,* 385 U.S. 554, 561 (1967); *Leno* v. *Gaughan,* 664 F.2d 314, 315 (1st Cir. 1981) (per curiam); *United States* v. *Belt,* 514 F.2d 837, 846-850 (D.C. Cir. 1975); *Dixon* v. *United States,* 287 A.2d 89, 93-96 (D.C. Ct. App.), cert. denied, 407 U.S. 926 (1972).

[9] If a defendant seeks to exclude evidence of his prior conviction, the judge may, within constitutional limits, condition such an exclusion on the defendant's agreement not to impeach Commonwealth witnesses similarly. See *Commonwealth* v. *Knight, supra* at 194 n.1.

offer to describe the circumstances of the earlier crime in the course of hearing the defendant's pretrial motion in limine to exclude evidence of the prior conviction. The judge took the motion in limine under advisement and denied it before the defendant testified on direct examination. The record of conviction was admitted, showing (as the defendant also testified) that the defendant was fined $250.[10]

Because the crime of which the defendant had been convicted resulted in a fine of only $250, the jury could not reasonably have believed that it was a serious offense. The jury could have inferred that the crime had sexual connotations, but it was not a conviction of a violent crime similar to those with which the defendant was currently charged. As we have noted, the substantial similarity of the crimes is a factor to be considered in deciding whether evidence of a conviction of a prior crime should be admitted. See *Commonwealth* v. *Diaz, supra* at 81; *Commonwealth* v. *Chase,* 372 Mass. 736, 750 (1977). Here, the conduct implicitly involved in the prior crime was not substantially similar to rape or attempted rape. We conclude that the judge did not abuse his discretion by the admission, for impeachment purposes only, of evidence of the prior conviction.[11]

---

[10] The defendant seeks to expand the record to show that during an unrecorded lobby conference, held before the pretrial hearing on the motion in limine, defense counsel explained that the crime charged was not a heterosexual offense but rather was an offer by the defendant to the local football team, sought to be conveyed through some of its female cheerleaders, to engage in colloquially described acts of sexual conduct with each member of the team if it should win its Thanksgiving game against its traditional rival.

It has long been the rule in this Commonwealth that, once a record of a witness's conviction of a crime has been introduced to impeach him, "the conviction must be left unexplained" and thus the proponent of the witness may not undertake in rehabilitation of the witness to show the circumstances of the conviction. *Lamoureux* v. *New York, N.H. & H.R.R.,* 169 Mass. 338, 340 (1897). *Commonwealth* v. *Galligan,* 155 Mass. 54, 56 (1891). Similarly, the judge considering the defendant's motion in limine did not have to consider the circumstances of the prior crime. Although the judge in his discretion could have considered the circumstances of the prior conviction, he was not obliged to do so.

[11] The possibility of the jury's finding the defendant guilty of crimes against one victim and, with that knowledge, then considering the indict-

The defendant's other arguments concern the observations of a neighbor of one of the victims. He saw the man who was probably her assailant run toward a motor vehicle and drive away rapidly. Shortly thereafter, he gave a statement to a police officer, who made a report that included the neighbor's description of the man and the vehicle. At trial the neighbor's memory had apparently faded, because he could not recall circumstances stated in the police report that defense counsel sought to bring out on cross-examination. The defendant called the police officer, who had testified as part of the Commonwealth's case, and inquired of him concerning the neighbor's statements made shortly after one of the incidents. It is not clear whether the police officer had any present memory of what the neighbor had told him. He testified to various statements made by the neighbor, and at one point stated that looking at his report refreshed his recollection as to certain statements. On the other hand, he stated that he had no current memory as to what he was told that day. In doing so, he may have been referring only to statements not appearing on his report. The defendant then offered in evidence that part of the report which dealt with the neighbor's statements. The judge excluded it, apparently on the doubtful premise that the defendant was obliged to offer the entire report, which included the victim's statement of the circumstances of the crimes committed.

Even if we were to assume in the defendant's favor that the report contained statements that were inconsistent with the neighbor's trial testimony, its exclusion was not error. The judge would have been warranted in concluding that the police officer's memory was largely refreshed by reading the report, so that the report was not admissible as past recollection recorded. *Commonwealth* v. *Bookman,* 386 Mass. 657, 662 n.8 (1982). If in fact his memory was not refreshed, the police

---

ments involving the second victim is obvious. The defendant did not argue below, nor does he argue here, however, that the trial of all indictments together created prejudice "so compelling that it prevents a defendant from obtaining a fair trial." *Commonwealth* v. *Moran,* 387 Mass. 644, 658 (1982). In these circumstances, admission of evidence of the defendant's prior conviction of a dissimilar crime assumes particular insignificance.

officer's testimony substantially paraphrased what appeared in his report. Thus, even if the report had been admissible as past recollection recorded (see *Fisher* v. *Swartz,* 333 Mass. 265, 270 [1955]), the defendant was not prejudiced by its exclusion. This is not a case in which a writing by a witness was offered to show that the writing could not or did not aid the witness in any legitimate way. See *Bendett* v. *Bendett,* 315 Mass. 59, 62 (1943).

The judge did not abuse his discretion in denying the jury's request for a transcript of the police officer's testimony (or for a reading of his testimony). *Commonwealth* v. *Mandeville,* 386 Mass. 393, 405 (1982).

*Judgments affirmed.*