COMMONWEALTH *vs.* DAVID L. WICK.

Berkshire. February 2, 1987. — April 22, 1987.

Present: WILKINS, ABRAMS, NOLAN & O'CONNOR, JJ.

*Evidence,* Polygraphic test.

A criminal defendant was entitled to a hearing on his motion that he be
   allowed to take a polygraph examination at public expense, notwithstand-
   ing the Commonwealth's unwillingness to accede to his request or to
   stipulate that the results of the examination, if conducted, would be
   admissible in evidence at his trial. [705-707]

COMPLAINT received and sworn to in the Pittsfield Division
of the District Court Department on May 24, 1985.

Pretrial motions were heard by *Clement A. Ferris,* J., and
the case was tried before him.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Jack E. Houghton, Jr.,* for the defendant.

*Robert J. Carnes,* Assistant District Attorney, for the Com-
monwealth.

WILKINS, J. Charged with operating a motor vehicle while
under the influence of intoxicating liquor, the defendant moved
before trial for a court authorized polygraph examination at
public expense. The defendant claimed that he was an occupant
but not the operator of the motor vehicle. He asserted that the
polygraph test would confirm his truthfulness on this point, as
had an earlier private one.

The judge ruled that he could not order a polygraph exami-
nation unless the prosecution and the defendant agreed. The
prosecution did not agree, and thus the judge denied the motions
solely on that ground. The defendant was convicted. He ap-
pealed, and we transferred the appeal to this court. We vacate
the orders denying the defendant's motions.

The Commonwealth grants that none of our cases has specifically stated that, as a condition to the admissibility of the results of a polygraph examination, the Commonwealth must agree to the defendant's request for a polygraph examination.[1] Other courts have assumed that this Commonwealth has no such requirement. See *People* v. *Barbara,* 400 Mich. 352, 387-388 (1977); *State* v. *Dean,* 103 Wis.2d 228, 269-270 (1981). Although never expressed explicitly, it is inherent in the discussion of polygraph-related issues in our opinions that the Commonwealth does not have a veto over the use in evidence of the results of a defendant's polygraph examination.[2] We have required that certain showings be made before polygraph test results may be admitted in evidence. See *Commonwealth* v. *A Juvenile,* 365 Mass. 421, 426, 429-430 (1974). The judge here, however, erred in concluding that, simply by objecting, the Commonwealth could block consideration and allowance of the defendant's polygraph examination motions.

The Commonwealth urges us to abandon our position on the use of polygraph test results and to joint the majority of those jurisdictions that permit the admission of polygraph examination evidence and rule that such evidence is admissible only if the prosecutor and the defendant stipulate to its admission. We decline to change our announced position and thus to require mutual agreement. We do recognize, however, that it may be time for a careful study of the subject, either as a basis for legislative action in the field or for court rules concerning the use of polygraph examinations and their results in the trial cases. See *Commonwealth* v. *Lockley,* 381 Mass. 156, 162 n.3 (1980), for a similar observation with citations to

---

[1] The Commonwealth cites chronologically *Commonwealth* v. *Fatalo,* 346 Mass. 266 (1963); *Commonwealth* v. *A Juvenile,* 365 Mass. 421 (1974); *Commonwealth* v. *Vitello,* 376 Mass. 426 (1978); *Commonwealth* v. *Moynihan,* 376 Mass. 468 (1978); *Commonwealth* v. *Walker,* 392 Mass. 152 (1984).

[2] Contrary to the Commonwealth's suggestion, there is nothing in *Commonwealth* v. *Shuman,* 17 Mass. App. Ct. 441, 448 (1984), that indicates that the Appeals Court thought the prosecution's approval was a condition to the allowance of a motion to take a polygraph examination.

the views of certain Justices of this court on the possibility of a study.

The defendant was entitled to a hearing on his motions for authorization to take a polygraph examination. We are in no position on the record to determine whether such a hearing could now be fairly held or whether a polygraph test, if permitted, could be conducted at this time without prejudice to the defendant from the delay or any change in circumstances. Nor are we certain that those procedures could be fairly followed without first vacating the judgment of conviction and returning the case to the status it had when the motions were denied. See *Commonwealth* v. *Lockley, supra* at 163. It may even be that no polygraph test could now or could have then been fairly conducted. See *Commonwealth* v. *Martin,* 392 Mass. 161, 163 (1984). It may also be that test results might now be less conclusive than the results of a test taken within one year of the alleged offense (see *Commonwealth* v. *A Juvenile [No. 1],* 370 Mass. 450, 452 n.2 [1976]). If so, the complaint may have to be dismissed.

We vacate the orders denying the defendant's motions concerning polygraph examinations and remand the case for reconsideration of those motions at which time the judge hearing the motions can address our concern whether the judgment of conviction should be vacated in fairness to the defendant and whether the defendant has been prejudiced by the passage of time. If a test is authorized, the judge may prefer to await the test results before deciding whether to vacate the judgment and set aside the verdict, to dismiss the complaint, or to conclude that the judgment should stand.

*So ordered.*