## COMMONWEALTH *vs.* CALVERT KNIGHT, JR.

Suffolk. April 8, 1987. — August 11, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Evidence,* Prior conviction, Judicial discretion. *Practice, Criminal,* Judicial discretion, Impeachment by prior conviction, Retroactivity of judicial holding.

This court's holding in *Commonwealth* v. *Maguire,* 392 Mass. 466 (1984), which permitted appellate review of a judge's exercise of discretion to admit in evidence a criminal defendant's prior convictions for impeachment purposes, but which did not affect the substantive standards for the judge's exercising such discretion, was not applicable retroactively as a basis for granting a defendant's motion for a new trial. [     ]

INDICTMENT found and returned in the Superior Court Department on May 15, 1981.

Motions for a new trial and for appointment of counsel, filed on July 3, 1986, were considered by *Roger J. Donahue,* J.

The Supreme Judicial Court granted a request for direct appellate review.

The case was submitted on briefs.

*Judy G. Zeprun,* Assistant District Attorney, for the Commonwealth.

*Calvert Knight, Jr.,* pro se.

HENNESSEY, C.J. The defendant was convicted of armed robbery while masked. The Appeals Court reversed the conviction, *Commonwealth* v. *Knight,* 16 Mass. App. Ct. 622, 623 (1983), but this court affirmed the conviction on further appellate review. *Commonwealth* v. *Knight,* 392 Mass. 192 (1984). The defendant subsequently filed pro se in the Superior Court a motion for new trial and a motion for appointment of counsel, which the trial judge denied. The defendant appealed from the trial judge's denial of his motions, and we granted the defendant's application for direct appellate review. We affirm.

At trial, the defendant moved to prevent the Commonwealth from impeaching the defendant with prior convictions should the defendant testify. The trial judge declined to exclude the prior convictions. The defendant, who did not testify at trial, appealed. This court considered "[t]he narrow question . . . whether the judge knew he had discretion and exercised it, or believed that his decision was compelled by [G. L. c. 233, § 21]." *Commonwealth* v. *Knight, supra* at 195. We concluded that the judge was aware that he had discretion to exclude the prior convictions, and had exercised it. *Id.* The defendant did not argue on direct appeal that this court should substantively review the judge's exercise of discretion, instead confining his argument to whether the judge knew he had discretion and had exercised it.

Subsequent to the defendant's trial and our decision affirming his conviction, we decided, in *Commonwealth* v. *Maguire,* 392 Mass. 466 (1984), that the trial judge's exercise of discretion may be reviewed by appellate courts. *Id.* at 470. The defendant argues that our decision in *Maguire,* decided after his trial and appeal from his conviction, should apply retroactively, and requires that his motion for a new trial be granted.[1] We disagree.

A judge of the Superior Court may grant a new trial "if it appears that justice may not have been done." Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). "In deciding whether to grant a motion for a new trial, the question whether 'justice may not have been done' at trial is left largely to the discretion of

---

[1] If he had testified, the defendant, on trial for armed robbery, was faced with impeachment with "six or seven" prior convictions for armed robbery, and one for assault and battery with a dangerous weapon. Because we conclude that the defendant is not entitled to raise the issue, we need not reach whether the decision to admit multiple convictions for identical crimes to the one charged was an abuse of the judge's discretion. See *Commonwealth* v. *Maguire,* 392 Mass. 466, 470 (1984); *Commonwealth* v. *DiMarzo,* 364 Mass. 669, 680-682 (1974) (Hennessey, J., concurring). Similarly we need not decide whether the defendant was required to testify and be impeached with prior convictions to raise this issue on appeal. Cf. *Commonwealth* v. *Knight,* 392 Mass. 192, 193 (1984); *Commonwealth* v. *Diaz,* 383 Mass. 73, 77 (1981). But see *Luce* v. *United States,* 469 U.S. 38, 43 (1984).

the judge who presided over the case." *Commonwealth* v. *Pope,* 392 Mass. 493, 497 (1984).

*Maguire* affected the scope of appellate review, not the standards for the trial judge's exercise of discretion whether to permit impeachment with prior convictions. *Maguire* did not alter the standards that trial judges apply, which had been stated prior to the defendant's trial. See *Commonwealth* v. *Diaz,* 383 Mass. 73, 80 (1981) ("In a criminal case, the court shall have discretion to exclude evidence of a prior conviction offered to impeach the credibility of the accused if it finds that its probative value is outweighed by the danger of unfair prejudice"). See also *Commonwealth* v. *Chase,* 372 Mass. 736, 750 (1977).

In *Commonwealth* v. *West,* 357 Mass. 245, 249 (1970), overruled in *Commonwealth* v. *Maguire,* 392 Mass. 466, 470 (1984), this court interpreted G. L. c. 233, § 21, as then amended, to give the trial judge no discretion to exclude evidence of a witness's prior convictions. In *Commonwealth* v. *Chase,* however, we noted the prejudice which could result from impeachment of a defendant with prior convictions similar to the crime charged, and stated, "[W]e would not deny the right of a judge to avoid any question of unfairness by excluding such evidence in a situation where the likely prejudice to the defendant is most intense." *Commonwealth* v. *Chase,* 372 Mass. 736, 750 (1977). Subsequently, the "right" mentioned in *Chase* became a duty of the trial judge to exercise discretion in admitting prior convictions, but it was not until our decision in *Maguire* that we "granted a defendant appellate review of a judge's discretionary ruling admitting evidence of a prior conviction, where 'the judge exercises discretion and there is no unfairness in a due process sense.'" *Commonwealth* v. *Maguire, supra* at 470, quoting *Commonwealth* v. *Knight, supra* at 194. See also *Commonwealth* v. *Diaz,* 383 Mass. 73, 80 (1981).

In *Maguire,* we reasoned that appellate review is available because "[a] rule that denies any appellate review of the exercise of discretion 'would discourage uniformity of treatment of defendants, and should be avoided.'" *Maguire, supra* at 470,

quoting *Commonwealth* v. *Martin,* 392 Mass. 161, 163 (1984). The rule announced in *Maguire* was not addressed to remedy infirmities in the conduct of criminal trials, but instead to further the orderly administration of justice. Even if we consider *Maguire* as extending some level of additional protection to defendants, we note that *Maguire* represents an incremental change in the protection afforded a defendant rather than a wholesale revision of prior practice. The standards that trial judges are to apply in exercising discretion were well established prior to *Maguire*. See *Commonwealth* v. *Diaz, supra* at 80. Although a trial judge's exercise of discretion might be affected marginally by the knowledge that it will be subject to appellate review, we are unwilling to assume that trial judges misapplied the standards set forth prior to (and unaltered by) *Maguire* solely because they thought their exercise of discretion was free from appellate scrutiny.

We conclude that the rule announced in *Maguire* did not substantively affect the application at trial of the standards for admitting prior convictions, and the defendant is not entitled to relief based on the rule announced in *Maguire*. Accordingly, the trial judge did not err in denying the defendant's motion for a new trial.

*Orders affirmed.*