COMMONWEALTH *vs.* WILLIAM GROSE.

On the trial of an indictment for larceny of six oxen, after introducing evidence that the oxen were stolen and killed and their meat was sold, the Commonwealth proved admissions of the defendant that he killed them and sold the meat on account of a person to whom he paid the whole proceeds of the sale, being a sum named. *Held,* that the Commonwealth might also prove, with a view to show the falsity of the defendant's statement of his disposal of the proceeds, that on the day of the sale he bought other oxen of another person and paid for them a sum nearly the same; and that his whole property was mortgaged for more than it was worth, and he had no pecuniary credit. *Held, also,* that statements of the person to whom the defendant claimed to have paid the proceeds, that he himself stole "two other oxen" which were found astray on a highway on the same day on which the six were killed, were inadmissible, either to affect the credibility of such person as a witness, or to prove that he "had stolen those two oxen and that they were part of the original six."

INDICTMENT for stealing six oxen from Nathaniel Jackson in Brighton.

At the trial in the superior court, before *Ames,* C. J., there was evidence that the oxen were stolen from Jackson on Saturday, July 20, 1867, and slaughtered in the defendants' close on Sunday, July 21; that the meat was sold at market in Boston on Monday, July 22, by the defendant; and that the defendant acknowledged that he killed the oxen and sold the meat, but stated that he did so on account of Samuel Davis, and that he paid to Davis the whole proceeds of the sale, amounting to $480 after deducting his own commissions. "To disprove this latter part of his account," the attorney for the Commonwealth was allowed to prove, against the defendant's objection, that on Monday, July 22, the defendant bought a number of cattle from Albert Munroe, and paid for them $475 in money; that all the defendant's property was mortgaged for more than its value; and that before and at the time in question the defendant had no pecuniary credit in Brighton or its vicinity.

George E. Temple, one of the defendant's witnesses, having testified that on a Sunday in July 1867, which he thought was between July 18 and July 22, he found "two other cattle" astray on the highway, and put them into the yard of one Wilkins; and that Davis afterwards took them away; was asked by the defend-

ant what Davis said about these two cattle; "but, on objection, the judge inquired whether the proposed evidence was for the purpose of showing any act or declaration of Davis contradicting his own testimony; and, the answer being that it was not for that purpose, but to prove an independent fact, namely, that Davis had stolen those two cattle, and that they were part of the original six, the judge ruled it to be incompetent, and excluded it."

The defendant was found guilty, and alleged exceptions.

*C. Cowley*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth, cited *Commonwealth* v. *Montgomery*, 11 Met. 534.

CHAPMAN, C. J.   The competency of the evidence to prove admissions made by the defendant as to what he had done with the stolen cattle, the amount for which he sold their flesh, and the disposition which he had made of that amount, is not denied.   It was also competent to prove that any part of his statement was false.   The evidence objected to tended to prove that his statement that he paid to Davis the entire proceeds of the sale, amounting to $480, deducting his own commissions, was false.   It tended to prove that on the day when he stated that he paid this money to Davis, he paid nearly that amount to another person; and that he had neither property nor credit by means of which he could have raised the money to pay Davis. The evidence as to his property and credit was therefore pertinent and material.

The testimony of Temple was properly rejected, because it was not pertinent to the case.   Evidence that Davis stole the two cattle which were put into Wilkins's yard would not be competent for the purpose of impeaching him.   *Commonwealth* v. *Churchill*, 11 Met. 538.   And no other purpose is stated for which it could be competent.          *Exceptions overruled.*