COMMONWEALTH *vs.* CYRILLE J. VANDENHECKE.

Essex.    March 7, 1924. — April 7, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Evidence*, Competency: affecting credibility of witness; Presumptions and burden of proof.  *Witness*, Impeachment.  *Homicide.  Practice, Criminal*, New trial.

At the trial of an indictment charging the defendant with murder of a man, where the Commonwealth's evidence tended to show that the decedent's wife had followed the defendant into another State and then, at the decedent's request, had returned to him, when the defendant followed her and shot the decedent, and where the decedent's wife was a witness for the Commonwealth, it was proper to exclude questions, put to the wife in cross-examination, as to whether she had lived after her marriage with another man, the defendant offering to show that the wife was of an adulterous disposition and that she had left her husband and gone away with the defendant voluntarily.

Besides the evidence admitted at the trial and described above, there was evidence tending to show that, when the defendant returned previous to shooting the decedent, he came disguised, that the wife saw him shoot the decedent, and that he fired at her; that the firearm used was not found, and that the defendant fled. *Held*, that a motion by the defendant, that a verdict of guilty in the first degree was not warranted, properly was denied.

Upon the record, the disposition of a motion for a new trial of the indictment above described rested in the sound discretion of the trial judge and that discretion was not shown to have been exercised improperly in a denial of the motion.

· INDICTMENT, found and returned on May 18, 1923, charging the defendant with the murder of one Gislain Shureman.

In the Superior Court, the defendant was tried before *Flynn*, J. Material evidence and exceptions by the defendant are described in the opinion. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*J. P. Kane*, for the defendant.

*W. G. Clark*, District Attorney, for the Commonwealth.

CROSBY, J. This is an indictment upon which the defendant has been found guilty of murder in the first degree. The case is before us on exceptions to the exclusion of evidence, to the refusal of the presiding judge to rule that the evidence did not warrant a verdict of guilty of murder in the first degree, and to the findings of the trial judge on the motion for a new trial, which motion was denied. These exceptions will be considered in the order of presentation.

1. The indictment charged the defendant with the murder of Gislain Shureman. Sophie Shureman, wife of the deceased, was the only witness who testified that she saw the defendant shoot the deceased. During her cross-examination by the defendant's counsel she was asked, " Did you know a man named Hector Sorling? " Her answer was " Yes." She was then asked " Did he live with you? " This question, upon objection of the district attorney, was excluded subject to the defendant's exception. The defendant offered to prove that the witness had lived with Sorling for some time before she married Shureman; and contended that the evidence was admissible to show that she was a woman of an adulterous disposition and that she had left her husband and gone away with the defendant voluntarily. It was offered for the purpose of affecting her credibility as a witness, and was inadmissible. The rule is well established that the fact that a female witness is a prostitute or keeps a house of ill fame is not admissible to impeach her. That question was settled in this Commonwealth in the case of *Commonwealth* v. *Churchill*, 11 Met. 538. See also *Commonwealth* v. *Grose*, 99 Mass. 423; *Commonwealth* v. *Howard*, 205 Mass. 128, at page 153.

In this Commonwealth and in certain other jurisdictions, it is provided by statute that the conviction of a witness of a crime may be shown to affect his credibility, by the introduction of the record. G. L. c. 233, § 21. *Rittenberg* v. *Smith,* 214 Mass. 343. *Commonwealth* v. *Cohen,* 234 Mass. 76. The exception to the exclusion of the evidence must be overruled.

2. At the close of the evidence the defendant requested the trial judge to rule that the evidence did not warrant a verdict of guilty of murder in the first degree. There was evidence that, while living with her husband, Sophie Shureman worked in a mill as a weaver, and during that time formed the acquaintance of the defendant, who was employed in the same mill as a loom fixer; that they walked to and from their work together, and that he called on her at her home during the absence of her husband and continued to do so until he left his employment at the mill and went to Philadelphia; that about five days later she left her home in Lawrence, taking her minor son with her; that the defendant met her in New York, and took her to a house where he was living in Philadelphia; that three or four days later the deceased went to Philadelphia and induced his wife to return home; that about a week thereafter the defendant also returned to Lawrence; that he saw Mrs. Shureman coming out of a store and followed her home; that while she was in the dining room of her home her husband went to a storeroom; that soon after she heard a pistol shot, and passing into the kitchen she saw her husband standing in the hallway outside the kitchen door " and the defendant held in his hand and pointed at Shureman a pistol, which he discharged at Shureman; that Shureman fell to the floor," and while he lay on the floor, the defendant discharged his pistol at him three times; that thereupon the defendant, seeing her, pursued her through the house and on to the street and shot at her twice; that two other witnesses testified they saw the defendant pursuing her. The medical examiner found a bullet behind the right eye of the deceased; it had passed through the brain and, in his opinion, had caused death; there was also a bullet wound

in the neck, but the bullet was not found. The two bullets discharged at Sophie Shureman were both found by a police officer. The pistol, alleged by the Commonwealth to have been seen in the possession of the defendant and to have been used in the killing of the deceased on August 9, 1918, and discharged at his wife, was never found. The two bullets alleged to have been fired from the pistol at Mrs. Shureman were not produced in evidence at the trial and were not called for by the defendant. There was evidence that immediately after the commission of the crime the defendant left this country and went to Belgium, his native country, and after travelling through many parts of the world was finally arrested in Canada and brought back to this Commonwealth in January, 1923. There was also evidence that on the day before he left Philadelphia for Lawrence he said to a witness, who testified at the trial, " I am all ready now. I leave Philadelphia at nine o'clock, will be in Boston in the morning at six o'clock; I'll take a taxicab to Lawrence, and if anyone bothers me I'll kill him." There was further evidence that when officer Sullivan arrived at the house of the deceased and saw his body lying on the floor in a pool of blood, he asked a group of women present, one of whom was Sophie Shureman, " Who did this ? " and that she answered " He committed suicide." This statement was denied by her on cross-examination. There was other evidence which tended to show that the defendant had shaved off his mustache and on the morning of the shooting was wearing dark colored spectacles, which he testified he wore only when at work or when reading. Mrs. Shureman testified that he never wore glasses before that morning.

It is plain that her testimony and the other evidence presented by the Commonwealth, if believed by the jury, were sufficient to warrant a finding that the defendant was guilty of murder in the first degree. It could have been found that the deceased was intentionally and unlawfully killed by the defendant and that the crime was committed with deliberately premeditated malice aforethought. Whether the death of the deceased was due to his own act or whether he was shot and killed by the defendant was solely for the jury

to determine upon the evidence.    As there was evidence, if believed, amply sufficient to justify the finding, it could not rightly have been ruled, in accordance with the defendant's request, that the evidence did not warrant a verdict of murder in the first degree.    The exception to the refusal of this request cannot be sustained.

3. There was no error of law in the findings by the judge, on motion for a new trial, that the two bullets discharged at Mrs. Shureman had been lost; and that no examination was ever made of them to determine whether they were of the same kind and could have been fired from the same pistol as the bullet found in the body of Shureman after his death. It does not appear that all of the evidence at the trial is embodied in the record; nor what evidence, if any, was offered at the hearing on the motion for a new trial.    The granting or denial of the motion rested in the sound discretion of the court.    There is nothing before us to show that that discretion was improperly exercised.    This exception cannot be sustained.    *Commonwealth* v. *Russ*, 232 Mass. 58.    *Commonwealth* v. *Teregno*, 234 Mass. 56, 60.

As we are unable to find any error of law, the entry must be

*Exceptions overruled.*