## COMMONWEALTH vs. O.C. HOUSTON, THIRD.

Plymouth. September 13, 1999. - January 21, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, & COWIN, JJ.

*Rape-Shield Statute. Evidence,* Prior conviction, Sexual conduct, Relevancy and materiality, Credibility of witness. *Practice, Criminal,* Impeachment by prior conviction, Prior conviction. *Statute,* Construction.

At the trial of indictments for kidnapping and rape, the judge properly in his discretion excluded from evidence the victim's prior prostitution-related convictions, proffered to impeach her credibility; further, the conviction of kidnapping was duplicative where kidnapping was the aggravating factor supporting the conviction of aggravated rape. [617]

Discussion by MARSHALL, C.J., with whom ABRAMS and GREANEY, JJ., joined, of the potential conflict between the application of G. L. c. 233, § 21, allowing impeachment of witnesses with evidence of their convictions, and G. L. c. 233, § 21E, prohibiting evidence of sexual conduct of rape victims, and expression of the opinion that, pursuant to the rape-shield statute, evidence of convictions of a rape complainant involving sexual conduct with others, including prostitution, is not generally admissible for the purpose of impeachment of the credibility of the testifying complainant, notwithstanding the provisions of G. L. c. 233, § 21; however, such convictions could be admissible if relevant to the complainant's bias or motive to lie or if they fall within the two statutory exceptions to the rape-shield statute. [617-626]

LYNCH, J., with whom IRELAND, J., joined, concurring in the result, expressed the view that any conflict in the statutes could be reconciled by the appropriate exercise of discretion by a judge weighing the admissibility of evidence of prostitution and that any limit on the discretion of the judge would be improper in light of the directive embodied in G. L. c. 233, § 21. [626-629]

COWIN, J., concurring in the result, expressed the view that a trial judge is not precluded by the rape-shield statute from exercising discretion to allow a defendant to impeach a rape complainant with convictions of past sex-related crimes. [629-632]

INDICTMENTS found and returned in the Superior Court Department on February 26, 1996.

The cases were tried before *Patrick F. Brady,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*David M. Skeels*, Committee for Public Counsel Services, for the defendant.

*John E. Bradley*, Assistant District Attorney, for the Commonwealth.

BY THE COURT. The judgment on the aggravated rape is affirmed. For the reasons articulated by the Appeals Court, *Commonwealth* v. *Houston*, 46 Mass. App. Ct. 378, 383 (1999), the judgment on the kidnapping charge is reversed, the verdict is set aside, and the indictment is dismissed.

*So ordered.*

Separate opinions of Chief Justice Marshall, with whom Justices Abrams and Greaney join; Justice Lynch, with whom Justice Ireland joins; and Justice Cowin appear below.

MARSHALL, C.J. (concurring, with whom ABRAMS and GREANEY, JJ., join). The defendant was convicted by a Superior Court jury of aggravated rape, kidnapping, and assault and battery. He was sentenced to serve from seven to ten years on the aggravated rape charge, and from three to five years on the kidnapping charge, to run concurrently; and the assault and battery conviction was placed on file with the defendant's consent. The Appeals Court affirmed the aggravated rape conviction and reversed the kidnapping charge, set aside the kidnapping verdict and dismissed that indictment.[1] *Commonwealth* v. *Houston*, 46 Mass. App. Ct. 378, 383 (1999). We granted the defendant's application for further appellate review.

The defendant maintains that the judge erred when he prohibited the defendant from impeaching the rape victim with her five prior convictions for prostitution-related offenses. In *Commonwealth* v. *Joyce*, 382 Mass. 222, 231 n.8 (1981), the court left open the question whether, in a case like this, a defendant could introduce in evidence under G. L. c. 233, § 21, records of conviction of prostitution, or other sex-related crimes, to impeach a rape complainant's credibility. We believe that, pursuant to the rape-shield statute, G. L. c. 233, § 21B, evidence of convictions of a rape complainant involving sexual conduct

---

[1]The Appeals Court dismissed the kidnapping conviction as duplicative of the aggravated rape conviction in the circumstances of the case. *Commonwealth* v. *Houston*, 46 Mass. App. Ct. 378, 383 (1999).

with others, including prostitution, is not generally admissible for the purpose of impeachment of the credibility of the testifying complainant, notwithstanding the provisions of G. L. c. 233, § 21.[2] A complainant's convictions involving sexual conduct could be admissible if they are relevant to motive to lie or bias, see *Commonwealth* v. *Joyce, supra* at 229, 231, or fall within the two statutory exceptions to the rape-shield statute. See G. L. c. 233, § 21B, and notes 7 & 8, *infra*.

## I

The victim testified that in the early hours of July 2, 1995, she walked to a gasoline station in Brockton to buy cigarettes. The defendant drew his vehicle to within a couple of feet from her, and offered her a ride. When she declined, he grabbed her, pulled her into the vehicle, and, with a gun, threatened her with death if she tried to scream or flee. The victim testified he drove to an abandoned building on West Chestnut Street in Brockton, ordered her to undress, and threatened to cut off her clothes with his knife. The defendant forced her to perform oral sex on him, then raped her repeatedly, vaginally and anally, until approximately one hour after daybreak. She testified that she never had any conversation with the defendant about performing sexual acts with him for money.

The victim further testified that a few minutes after the defendant left her and drove away, as she walked down a nearby street, an unmarked police car pulled up to her and the officer asked her what had happened. She told the officer she had just been raped. Another officer who arrived on the scene testified that the victim was crying, confused, incoherent, and very upset. She was transported to a hospital by ambulance sometime around 6:30 A.M. The emergency room examining nurse observed fresh bruises on the victim, and testified that she was disheveled, rambling, crying, and upset.

In his testimony, the defendant admitted having oral and vaginal sexual intercourse with the victim from sometime after 1:30 A.M. that morning until sometime after 2 A.M. But he gave

---

[2]In *Commonwealth* v. *Joyce*, 382 Mass. 222, 231 (1981), we emphasized that prostitution was not, itself, relevant to credibility. Our views here are consistent with the holding in that case. There, unlike here, evidence involving charges of the complainant's prior prostitution was admissible because it clearly touched on her possible motive to lie, not on her general credibility. See *id.* at 224-226, 230-231.

the following, very different account of the incident: He testified he was looking for a prostitute, as he had done in the past. After making eye contact with the victim at an intersection, she approached him in his car and offered to perform oral sex and have intercourse with him for $40. He suggested $30, which was agreed to. He testified the victim then directed him to drive to an abandoned building on West Chestnut Street where they had oral and vaginal intercourse until he told the victim to get out of the car. He refused to give the victim a ride home and an argument ensued. The defendant then pulled the victim out of the car by her arm. Before driving off, he pretended to give her $30, but in fact gave her only three dollars.

## II

Prior to trial, the prosecutor filed a motion in limine to preclude defense counsel from impeaching the rape victim with her prior convictions for prostitution-related offenses. The motion also sought to obtain the judge's permission to impeach the defendant with his prior conviction of indecent assault and battery.[3]

Defense counsel argued that evidence of the victim's prostitution-related convictions did not fall within the rape-shield exclusion, see G. L. c. 233, § 21B, nor into the category of impermissible reputation or bad acts evidence. He argued the victim's convictions were admissible because of the statutory provision allowing impeachment of a witness with prior convictions. See G. L. c. 233, § 21. He made no constitutional claim.[4] The judge initially decided that the prostitution-related convictions would be admissible for impeachment purposes, despite the danger that the jury might use the convictions as propensity evidence concerning the victim, reasoning that the convictions showed the victim's "supreme indifference" to conducting herself in accordance with law. However, when he learned that the prosecution intended to introduce the defendant's prior conviction to impeach the defendant, the judge excluded evidence of both the defendant's prior assault and battery conviction and the victim's prior prostitution-related convic-

---

[3]The motion requested in the alternative that the defendant's and the victim's prior convictions be either both allowed or both precluded.

[4]Because the defendant raised no constitutional objection at trial, we decline to address the constitutional argument he made on appeal. See, e.g., *Commonwealth* v. *Pares-Ramirez*, 400 Mass. 604, 609 (1987).

tions. The judge did permit impeachment of the victim by means of her prior convictions for cocaine possession and a violation of a G. L. c. 209A protective order. Defense counsel objected immediately to the exclusion of the prostitution-related convictions.

At trial the victim's estranged son testified that his mother had told him she had falsely claimed she was raped because a man had not paid her for an act of prostitution. He also stated that he did not know if his mother's comment referred to the defendant or to someone else. The son was impeached with several prior convictions.[5] Defense counsel did not object to this impeachment evidence, nor did he renew at that point his earlier objections to the exclusion of the victim's prior prostitution-related convictions.

### III

This case takes us into the ill-mapped area where the mandate to shield rape victims, see G. L. c. 233, § 21B, and the discretionary authority of judges to admit prior convictions to impeach witnesses, see G. L. c. 233, § 21, have unsettled or overlapping borders. The defendant argued that impeachment of the complainant with her five prior prostitution-related convictions was statutorily permissible.[6] See G. L. c. 233, § 21. The Commonwealth argued that the judge should exercise his discretion to exclude the convictions and asserted that the convictions were excludable under the provisions of the rape-shield statute, G. L. c. 233, § 21B.[7]

---

[5]The son's convictions were of breaking and entering in the nighttime with intent to commit a felony, breaking and entering in the daytime to commit a misdemeanor, breaking and entering in the daytime with intent to commit a felony, and two convictions of larceny of property.

[6]General Laws c. 233, § 21, begins: "The conviction of a witness of a crime may be shown to affect his credibility . . . ."

[7]General Laws c. 233, § 21B, provides in relevant part:

"Evidence of specific instances of a victim's sexual conduct in such an investigation or proceeding shall not be admissible except evidence of the victim's sexual conduct with the defendant or evidence of recent conduct of the victim alleged to be the cause of any physical feature, characteristic, or condition of the victim; provided, however, that such evidence shall be admissible only after an in camera hearing on a written motion for admission of same and an offer of proof. If, after said hearing, the court finds that the weight and relevancy of said evidence

## A

We discuss first the mandate of the rape-shield statute, because the Commonwealth's legitimate interest in protecting rape victims sets an important limit on a judge's discretionary authority to admit prior convictions submitted generally to impeach a complainant witness. The rape-shield statute, G. L. c. 233, § 21B, prevents a defendant in a rape case who claims consent from putting the complainant on trial by raising collateral issues of little or no probative value concerning the complainant's alleged predisposition for promiscuity.[8] The statute governs the admissibility of evidence of the complainant's sexual conduct with others and generally requires exclusion of this type of evidence, with several recognized exceptions. See G. L. c. 233, § 21B; *Commonwealth* v. *Joyce*, 382 Mass. 222, 225-229 (1981). We recently reaffirmed that "[t]he rape-shield statute is principally designed to prevent defense counsel from eliciting evidence of the victim's promiscuity as part of a general credibility attack." *Commonwealth* v. *Pearce*, 427 Mass. 642, 647 (1998), quoting *Commonwealth* v. *Fitzgerald*, 412 Mass. 516, 523 (1992). The policy rationale for this law is that evidence of the victim's prior sexual conduct might divert attention from the alleged criminal acts of the defendant, inappropriately putting the victim on trial. See *Commonwealth* v. *Joyce, supra* at 227. Moreover, such evidence often has little relevance in rape cases where consent is the issue: the "victim's

---

is sufficient to outweigh its prejudicial effect to the victim, the evidence shall be admitted; otherwise not."

The common law of Massachusetts has also long held evidence of instances of a complainant's sexual conduct with others to be inadmissible in such rape proceedings. See, e.g., *Commonwealth* v. *Domaingue*, 397 Mass. 693, 698 (1986) (at common law, evidence of prior sexual conduct of victim with persons other than defendant inadmissible to impeach victim's credibility); *Commonwealth* v. *Elder*, 389 Mass. 743, 751 n.12 (1983), and cases cited; *Commonwealth* v. *Regan*, 105 Mass. 593, 594 (1870).

[8]The rape-shield statute applies to trials and proceedings for a violation of, inter alia, G. L. c. 265, § 22. See G. L. c. 233, § 21B. The defendant's trial for aggravated rape came under the provisions of the rape-shield statute, and evidence of the victim's prior sexual conduct with others generally would be statutorily excluded, unless governed by a recognized exception, such as evidence showing bias or motive to lie. The rape-shield law statutorily recognizes two exceptions where specific instances of the victim's sexual conduct are admissible: (1) where the conduct was with the defendant, and (2) where the conduct is alleged to be the cause of a condition of the victim. See G. L. c. 233, § 21B. Neither of these exceptions applies in this case.

consent to intercourse with one man does not imply her consent in the case of another." *Id.*, quoting *Commonwealth* v. *McKay*, 363 Mass. 220, 227 (1973). See *Commonwealth* v. *Vandenhecke*, 248 Mass. 403, 404 (1924) ("[t]he rule is well established that the fact that a female witness is a prostitute . . . is not admissible to impeach her").

We have acknowledged, however, that evidence of the complainant's prior sexual conduct may be admissible to show the complainant's bias or motive to lie. See, e.g., *Commonwealth* v. *Pearce*, *supra* at 647-648; *Commonwealth* v. *Stockhammer*, 409 Mass. 867, 875-876 (1991); *Commonwealth* v. *Domaingue*, 397 Mass. 693, 699 (1986). The victim's prior prostitution-related convictions were not admissible under that exception here because they were not submitted to show motive to lie. The defendant instead argued only generally that the convictions were relevant, as convictions, to impeach the victim's credibility. Nonetheless, the defendant's arguments touch closely, if not directly, on the victim's possible motive to lie, and we find it necessary to discuss the possibility that her prostitution-related convictions were admissible as relevant to some motive to lie.

The circumstances of this case differ markedly from those in *Commonwealth* v. *Joyce*, *supra*, where we recognized error in the exclusion of evidence of prostitution charges relevant to a showing of bias or motive to lie. See *id.* at 223, 225-226, 231. In the *Joyce* case, the prostitution charges were relevant to whether the complainant might have had a motive to lie about a rape. See *id.* at 224, 230. See also *Commonwealth* v. *Elder*, 389 Mass. 743, 750-751 (1983); *Commonwealth* v. *Joyce*, *supra* at 232 (Hennessey, C.J., concurring) (admissibility of prostitution charges confined to cases "where the disputed evidence is clearly relevant to a showing of bias or motive to lie by the complaining witness"). Cf. *Commonwealth* v. *Allen*, 29 Mass. App. Ct. 373, 375-376, 378-379 (1990). In the *Joyce* case, the complainant had been charged twice with prostitution — the second time when she had allegedly been discovered undressed in a car engaged in sexual acts. According to the account the defendant offered of the night of the alleged rape, he and the complainant were engaging in consensual sexual intercourse in his car when he saw a police cruiser approaching and told the complainant to get dressed. In offering the prior prostitution charges, the defendant "intended to show that the complainant,

having been found in a similar situation on two prior occasions, had been arrested on each occasion and charged with prostitution." *Commonwealth* v. *Joyce, supra* at 230. We consequently concluded that "[w]e cannot say that this [prostitution charge] evidence has no rational tendency to prove that the complainant was motivated falsely to accuse the defendant of rape *by a desire to avoid further prosecution*" (emphasis added). *Id.*

In contrast, the defendant here has presented no particular circumstances involved in the victim's prior prostitution convictions that would point to a motive to lie about the rape. When the police arrived, the victim was clothed and alone; she was not discovered in a compromising position. There is also no suggestion here that the victim feared she might again be arrested for prostitution if she did not fabricate a rape complaint. Cf. *Commonwealth* v. *Joyce, supra* at 230. There was no basis for admitting the victim's prostitution convictions as relevant to a motive to lie.

B

We now consider whether the victim's prostitution-related convictions should have been admitted pursuant to G. L. c. 233, § 21. Evidence of prior convictions may be admissible to impeach any witness where the convictions meet the statutory provisions of § 21. See *Commonwealth* v. *Drumgold*, 423 Mass. 230, 249 (1996); *Commonwealth* v. *Maguire*, 392 Mass. 466, 470 (1984). The rationale is that "a defendant's earlier disregard for the law may suggest to the fact finder similar disregard for the courtroom oath." *Commonwealth* v. *Drumgold, supra*, quoting *Commonwealth* v. *Fano*, 400 Mass. 296, 302-303 (1987). Admission of evidence of prior convictions of a witness for impeachment purposes is at the discretion of the trial judge.[9] See G. L. c. 233, § 21; *Commonwealth* v. *Maguire, supra* at

[9]In *Commonwealth* v. *West*, 357 Mass. 245, 249 (1970), we held that G. L. c. 233, § 21, gave judges no discretion to exclude such prior convictions. We overruled *West* in *Commonwealth* v. *Maguire*, 392 Mass. 466, 470 (1984), and recognized the discretion of judges to exclude prior conviction impeachment evidence. We did so in the context of a prior conviction of a defendant. *Id.* at 469-470. Our language suggested, without expressly holding, that this discretion also applied to witnesses other than defendants. *Id.* at 470. Judicial discretion to admit or exclude prior convictions of *any* witness submitted for impeachment purposes is clearly consistent with the statutory language. See G. L. c. 233, § 21 (conviction "of *a witness* . . . *may* be shown" [emphasis added]); *Commonwealth* v. *Drumgold*, 423 Mass. 230, 249 (1996); *Com-*

470. The judge must balance the danger of unfair prejudice against the probative value of the evidence for the purpose of impeachment. See *Commonwealth* v. *Drumgold, supra* at 249.

There is potential conflict between the application of G. L. c. 233, § 21, and the rape-shield statute, § 21B, in the handling of prior prostitution convictions submitted to impeach the complaining witness's credibility in a rape trial. Section 21 apparently gives a judge discretionary authority to admit such convictions, whereas § 21B, read literally, would generally bar their admission.[10] The legislative intent behind the later-enacted rape-shield provision, § 21B, is not definitive concerning whether it was meant to modify the application of § 21 when rape trials are involved.[11] See *Joyce, supra* at 228 & n.6, citing Burnim, Massachusetts Rape-Shield Law — An Over-Step in the Right Direction, 64 Mass. L. Rev. 61, 63 (1979) (discussing legislative history of rape-shield statute and noting it "is limited").

Four alternative versions of the bill that eventually became the rape-shield statute expressly provided that the shield provisions were not meant to limit the right to impeach credibility of the victim by use of prior convictions, but this language was dropped in the legislation that was enacted.[12] See 1977 House Doc. No. 4133; 1977 House Doc. No. 2586; 1977 House Doc.

---

*monwealth* v. *Maguire, supra; Commonwealth* v. *Bucknam,* 20 Mass. App. Ct. 121, 123-124 (1985). See also *Commonwealth* v. *Burnett,* 417 Mass. 740, 743 n.1 (1994), citing *Commonwealth* v. *Bucknam, supra* (we have not adopted rule that would provide that judge does not have discretion to exclude evidence of conviction of witness other than defendant). But see Proposed Mass. R. Evid. 609 (a), quoted in *Commonwealth* v. *Maguire, supra* at 469 n.7 (there "shall be no discretion to *exclude*" prior conviction offered to impeach witness who is not the accused).

[10]Our decision in *Commonwealth* v. *Joyce,* 382 Mass. 222 (1981), did not resolve this issue in favor of admissibility of such convictions under § 21, see *Commonwealth* v. *Houston,* 46 Mass. App. Ct. 378, 381 (1999), because in *Joyce* we faced the question of prostitution *charges* against the rape complainant admissible to show possible bias or motive to lie, not *convictions* admitted to impeach credibility generally. See *Commonwealth* v. *Joyce, supra* at 224 & n.2, 225-227, 231.

[11]Section 21B was enacted in 1977. St. 1977, c. 110. Section 21 significantly predates § 21B. Rev. St. (1836) c. 94, § 56.

[12]1977 House Doc. Nos. 2228 and 2586 both contained the following language: "Nothing in this section shall limit the right of either the state or the accused to impeach credibility by the showing of prior felony convictions." 1977 House Doc. No. 4133 and 1976 Senate Doc. No. 678 similarly provided that certain evidence would remain admissible under their rape-

No. 2228; 1976 Senate Doc. No. 678. See also Burnim, *supra* at 64-65. Compare G. L. c. 233, § 21B, with 1977 Senate Doc. No. 1433. The fact the Legislature dropped language expressly allowing admission of prior convictions of the complainant suggests the Legislature did not want such convictions to be admissible for the impeachment of a rape complainant's credibility. Moreover, the legislative purpose of the rape-shield statute is to protect rape victims. See, e.g., St. 1977, c. 110, Preamble (arguing for the smallest number of judicially recognized exceptions to its general bar on admission of evidence of the victim's sexual conduct).

In his concurrence, Justice Lynch suggests that our view "amounts to an implied repeal" of G. L. c. 233, § 21. We do not agree. The later enacted rape-shield statute addresses the admissibility of a special category of evidence, a complaining witness's prior sexual conduct, while G. L. c. 233, § 21, is framed in very general terms. Our conclusion reads the two statutes harmoniously. However, to the extent a conflict between the two statutes exists, "the more specific statute controls over the more general one." See 2B Singer, Sutherland Statutory Construction § 51.02 (5th ed. 1992). Finally, § 21 significantly predates the rape-shield statute. See note 11, *supra*. If provisions of those two statutes are irreconcilable, the later enacted rape-shield provision should control. See *id.*

We conclude that the rape-shield provisions excluding most evidence of the complainant's sexual conduct were intended to exclude this kind of evidence even when it involves the complainant's convictions submitted to impeach the complainant's credibility generally. Thus, despite G. L. c. 233, § 21, the trial judge generally does *not* have discretion to admit such convictions. A contrary rule, allowing a judge discretion on the point, infuses a substantial measure of illogic into the logical and fair conclusion that follows from reflection on the purposes of the rape-shield statute and the import of the court's statements in *Commonwealth* v. *McKay*, 363 Mass. 220, 227 (1973), and *Commonwealth* v. *Vandenhecke*, 248 Mass. 403, 404 (1924),

shield provisions, including "evidence of conviction of a crime of the victim, solely to impeach her credibility." In contrast, 1977 Senate Doc. No. 752, and the bill that was finally enacted as the rape-shield statute, 1977 Senate Doc. No. 1433, did not contain the exception allowing evidence of convictions of the victim for impeachment purposes. See *Commonwealth* v. *Joyce, supra* at 228 n.6 (discussing bills considered); 1977 Senate J. 102, 375-376, 399, 423 (giving procedural history of 1977 Senate Doc. No. 1433).

among others. Our conclusion takes into account that the need to exclude evidence of prostitution or prostitution-related convictions should not be overridden by a theoretical argument that the evidence may be admissible under G. L. c. 233, § 21 (but not under the rape-shield statute), because the statutes have different purposes. Surely, a jury, no matter how much effort the judge makes to purge their mindsets by admonitory instructions, are more likely to conclude that the impeaching convictions show that the complainant should not be believed, not because she is untruthful, but because she has been, and thus continues to be, indiscriminate in sexual relations.[13]

A complainant's convictions involving sexual conduct could be admissible if they are clearly relevant to a motive to lie or to bias, see *Commonwealth* v. *Joyce, supra* at 229, 231, or fall within the two statutory exceptions of the rape-shield statute. See G. L. c. 233, § 21B. In this case, evidence of the prostitution-related convictions of the complainant did not fall into any of these exceptions, and was properly excluded.

LYNCH, J. (concurring, with whom IRELAND, J., joins). I write separately because I do not agree with that portion of Chief Justice Marshall's opinion (with whom Justices Abrams and Greaney join) (hereinafter the three Justices) in Part III that limits the trial judge's discretion to admit evidence of a rape complainant's prior convictions for prostitution to impeach the complainant's credibility.[1]

The use of prior convictions to impeach the credibility of a witness is expressly authorized by G. L. c. 233, § 21. See *Com-*

---

[13]We cannot agree with the defendant's assertion that rape complainants are, in effect, "[o]rdinary witnesses" who cannot be prejudiced by the admission of prior convictions in a manner similar to that risked by defendants. While the risk of prejudice is not the same for the rape complainant as for the defendant, the rape complainant faces dangers of harassment and unnecessary invasions of privacy different from an ordinary witness, a difference justifying the need for heightened protection of the complainant's interests. See, e.g., *Michigan* v. *Lucas*, 500 U.S. 145, 149-150 (1991); G. L. c. 233, § 21B.

[1]Under the rape-shield statute evidence of a complainant's sexual conduct is not admissible unless used to show "the victim's sexual conduct with the defendant or evidence of recent conduct of the victim alleged to be the cause of any physical feature, characteristic, or condition of the victim." G. L. c. 233, § 21B. However, a judge may admit evidence of convictions for prostitution to show motive to lie or bias, consistent with *Commonwealth* v. *Joyce*, 382 Mass. 222 (1981).

*monwealth* v. *Fano*, 400 Mass. 296, 301-302 (1987), and cases cited. The rationale for this rule is that an "earlier disregard for the law may suggest to the fact finder similar disregard for the courtroom oath." *Id.* at 303, quoting *Commonwealth* v. *Roucoulet*, 22 Mass. App. Ct. 603, 608 (1986). See *Commonwealth* v. *Drumgold*, 423 Mass. 230, 249 (1996).

This court ruled for the first time in *Commonwealth* v. *Chase*, 372 Mass. 736 (1977), that a judge has discretion under G. L. c. 233, § 21, to exclude the use of prior convictions to impeach a defendant's credibility if there is danger of prejudice.[2] *Id.* at 750. In *Commonwealth* v. *Maguire*, 392 Mass. 466, 470 (1984), overruling *Commonwealth* v. *West*, 357 Mass. 245 (1970), the court allowed judicial review of a judge's discretion.

Elsewhere I have stated that, because of the statutory directive permitting use of prior convictions for impeachment, only in an extreme case would I conclude that unfair prejudice required the exclusion of such evidence, especially where the judge "gives appropriate and strong limiting instructions and ensures that the prosecutor does not misuse the evidence." *Commonwealth* v. *Elliot*, 393 Mass. 824, 835 (1985) (Lynch, J., concurring). See *Commonwealth* v. *Reed*, 397 Mass. 440, 445-446 (1986) (Lynch, J., dissenting). Furthermore, I have expressed my disagreement with the court's suggestion that error might arise from the admission of a *defendant's* prior conviction of rape in a rape trial. See *Commonwealth* v. *Elliot, supra.*

The rape-shield statute, G. L. c. 233, § 21B, does not address the use of a complainant's prior convictions for impeachment purposes.[3] Today the three Justices see within the rape-shield statute the intent to limit the discretion of the judge to admit evidence of convictions specifically permitted by G. L. c. 233, § 21. See *Commonwealth* v. *Joyce*, 382 Mass. 222 (1981). No

[2]*Commonwealth* v. *Chase*, 372 Mass. 736 (1977), was a departure from this court's holding in *Commonwealth* v. *West*, 357 Mass. 245, 249 (1970), which stated that the words "conviction . . . *may* be shown" (emphasis in original) was an "option open to the party cross-examining the witness" and the judge had no discretion to exclude such evidence if a party wanted to introduce it. Until *Commonwealth* v. *Maguire*, 392 Mass. 466 (1984), which overruled *Commonwealth* v. *West, supra*, this court refused to review a judge's exercise of that discretion. See *Commonwealth* v. *Knight*, 392 Mass. 192, 194 (1984), quoting *Commonwealth* v. *Diaz*, 383 Mass. 73, 80 (1981), and *Commonwealth* v. *King*, 391 Mass. 691, 695 (1984).

[3]The rape-shield statute refers only to "specific instances of a victim's *sexual conduct*" (emphasis added). G. L. c. 233, § 21B.

specific language of the statute supports such an interpretation. Therefore, I believe the three Justices' opinion amounts to an implied repeal of G. L. c. 233, § 21. "[T]here is a 'very strong presumption against implied repeal' " in statutory construction. *Commonwealth* v. *Hudson*, 404 Mass. 282, 286 (1989), quoting *Commonwealth* v. *Jones*, 382 Mass. 387, 391 (1981). Implied repeal should never be used unless there is a conflict between two statutes dealing with the same subject matter and the older statute is "so repugnant to and inconsistent with the later enactment . . . that both cannot stand." *Commonwealth* v. *Hudson*, *supra*, quoting *Boston Hous. Auth.* v. *Labor Relations Comm'n*, 398 Mass. 715, 718 (1986). Here, the exact relationship between the two statutes may not be clear, but there is no such repugnance.

In reconciling the two statutes, I would apply the rule the court developed in *Commonwealth* v. *Joyce, supra. Joyce* provided sufficient guidance for judges when weighing the admissibility of evidence of prostitution against the rape-shield statute. The court said: "In the exercise of this discretion a trial judge should consider the important policies underlying the rape-shield statute. He should exclude evidence of specific instances of a complainant's sexual conduct in so far as that is possible without unduly infringing upon the defendant's right to show bias." *Id.* at 231. There, the court also specifically declined to "intimat[e] the proper result" when the judge exercised discretion. *Id.*[4]

The three Justices, in part III, now opine that a judge should deny admission of a complainant's prior convictions of prostitution to impeach the complainant's general credibility. I find such a limit on the discretion of the judge improper because it defies the legislative directive to admit such evidence. Moreover, the three Justices themselves concede that it is not clear whether § 21B was meant to modify § 21 at rape trials. Because the legislative intent is not clear, any expansion of the rape-shield

---

[4]The three Justices' opinion highlights the policy rationale for excluding evidence of a victim's prior sexual conduct in a rape trial. *Ante* at 621-622. See *Commonwealth* v. *Joyce, supra* at 227; *Commonwealth* v. *McKay*, 363 Mass. 220, 227 (1973) (evidence of victim's prior instances of intercourse inadmissible); *Commonwealth* v. *Vandenhecke*, 248 Mass. 403, 404 (1924) (fact that female witness is prostitute inadmissible to impeach her). I do not disagree with the holdings of these cases. The latter two are, however, not on point in this case, which concerns the use of *prior convictions* for prostitution to impeach a witness's general credibility.

statute is a matter of legislative prerogative. Until the Legislature acts, I think the guidance that *Commonwealth* v. *Joyce, supra,* gave to judges that they should consider the important policies behind the rape-shield statute when exercising their discretion is equally appropriate guidance for evidence impeaching a complainant's general credibility.

COWIN, J. (concurring). In *Commonwealth* v. *Joyce,* 382 Mass. 222, 231 n.8 (1981), we left open the question whether, in a case like this, a defendant could introduce in evidence under G. L. c. 233, § 21, records of convictions of prostitution, or other sex-related crimes, to impeach a rape complainant's credibility. Today, the plurality opinion suggests "that the rape-shield provisions . . . exclude this kind of evidence even when it involves the complainant's convictions submitted to impeach the complainant's credibility generally. Thus, despite G. L. c. 233, § 21, the trial judge generally does *not* have discretion to admit such convictions. . . . A complainant's convictions involving sexual conduct could be admissible if they are clearly relevant to a motive to lie or to bias . . . or fall within the two statutory exceptions of the rape-shield statute."[1] *Ante* at 625-626.

I cannot agree that a trial judge lacks the discretion to admit past sex-related convictions to impeach a complainant's credibility. I would hold that the rape-shield statute does not per se preclude a judge from exercising discretion to permit the defendant to offer convictions of past sex-related crimes against a complainant for impeachment purposes.

The plurality opinion identifies a potential conflict between G. L. c. 233, § 21, the statute that permits impeachment by prior conviction, and G. L. c. 233, § 21B, the rape-shield statute. Pursuant to § 21, a prior conviction is admissible to impeach the credibility of a witness when the prior conviction meets certain requirements. Section 21B provides that "[e]vi-

---

[1]While this concurrence is based on other grounds, I note that there is some ambiguity in the plurality opinion. The quoted language suggests that prior convictions are admissible to show motive or bias. It is my opinion that prior convictions are admissible for a single purpose: to impeach credibility. See G. L. c. 233, § 21. Apart from the narrow exception created by § 21, the prior convictions would be inadmissible as hearsay and as non-expert opinion. I assume that the plurality means that the rape-shield statute does not render inadmissible evidence of prior sexual activity of the complainant apart from convictions when offered for the purpose of showing bias or motive.

dence of specific instances of a victim's sexual conduct . . . shall not be admissible except evidence of the victim's sexual conduct with the defendant or evidence of recent conduct of the victim alleged to be the cause of any physical feature, characteristic, or condition of the victim." The plurality reads § 21B as creating an exception to § 21 to prevent the use of sex-related convictions to impeach a rape complainant *except* when the convictions are relevant to a motive to lie or bias.

The plurality justifies its conclusion by noting that the purpose of the rape-shield statute is to protect rape victims and that, because the rape-shield statute was enacted after the impeachment by prior conviction statute, *ante* at 624 n.11, its provisions should control. Certainly I agree that protecting rape victims from the unfair admission of their past sexual conduct is an important legislative goal advanced by the rape-shield statute.

Where two statutes conflict, however, as they appear to do here, our first task is to attempt to harmonize the respective provisions of both. We do not favor the implied repeal of statutory provisions. *LaBranche* v. *A.J. Lane & Co.*, 404 Mass. 725, 728-729 (1989), citing *Dedham Water Co.* v. *Dedham*, 395 Mass. 510, 518 (1985). *Cohen* v. *Price*, 273 Mass. 303, 308 (1930), quoting *Brown* v. *Lowell*, 8 Met. 172, 174-175 (1844). We only prefer the later enacted statute after we have determined that the two statutes are irreconcilable. In my view, the statutes can coexist without repealing a portion of the impeachment by prior conviction statute or abandoning the policy of protecting rape victims from unfair examination regarding past sexual conduct.

When enacting § 21B, the Legislature was presumably aware of the provisions of § 21. The provisions appear within the same chapter of the General Laws; only one section separates § 21 and § 21B. As the plurality states, the Legislature considered but did not adopt language that would have expressly stated that the use of prior sex-related convictions to impeach credibility was not limited by the rape-shield statute. The plurality suggests that this legislative inaction shows that "the Legislature did not want such convictions to be admissible for the impeachment of a rape complainant's credibility." *Ante* at 625. Ascertaining meaning from the Legislature's decision not to enact statutory language, however, is an uncertain endeavor. It must be acknowledged that the Legislature has not altered the words of the prior statute. It has not repealed them or altered

them in any form. The principal way the courts ascertain the intent of the Legislature is through the language the Legislature chooses. Here we have language in § 21 which presumably the Legislature intends us to implement. We should be guided by the familiar principle of statutory interpretation that "[a] statute is not to be deemed to repeal or supersede a prior statute in whole or in part in the absence of express words to that effect or of clear implication." *Commonwealth* v. *Hayes,* 372 Mass. 505, 512 (1977), quoting *Colt* v. *Fradkin,* 361 Mass. 447, 449-450 (1972).

The Legislature has not expressly stated or clearly implied that the rape-shield statute prevents the defendant from introducing sex-related convictions to impeach the credibility of a rape complainant. Therefore, the more plausible course is to construe the legislative will as intending that the policies embraced in both statutes be enforced. It is not the function of this court to develop policy. Both statutes exist and should be implemented, if at all possible. *Boston Hous. Auth.* v. *Labor Relations Comm'n,* 398 Mass. 715, 718 (1986), citing *Hadley* v. *Amherst,* 372 Mass. 46, 50-51 (1977). *Everett* v. *Revere,* 344 Mass. 585, 589 (1962). The Legislature is the body for enacting social policy change. In the absence of a clear expression of legislative intent to limit § 21, I would conclude that sex-related convictions are admissible to impeach the credibility of a rape complainant.

Perceived in this manner, § 21B indicates a general policy to exclude evidence of the sexual conduct of a victim. Section 21 is an exception to that general policy which applies in a narrow class of cases, i.e, when the witness has actually been convicted of offenses within a certain time period, subject to the judge's discretion to exclude the conviction if the judge determines that its prejudicial effect outweighs its probative value. See *Commonwealth* v. *Drumgold,* 423 Mass. 230, 249 (1996). Section 21 is very narrow compared to the breadth of § 21B which relates to all other evidence of sexual activity.

It is not illogical for the Legislature to carve out this exception for convictions. Convictions bear indicia of reliability that distinguish them from other types of evidence that are excluded by § 21B, further indicating that the Legislature intended both these statutes to apply.

I would conclude that a prior conviction is admissible for the limited purpose of attacking the credibility of the witness. See

G. L. c. 233, § 21 ("[t]he conviction of a witness of a crime may be shown to affect his credibility"). It is not admissible for any other purpose. Indeed, the jury must be instructed that its only purpose is to impeach the credibility of the complainant. This interpretation of the two sections permits us to give effect to each of the pronouncements of the Legislature.

Despite my belief that the rape-shield statute does not prohibit the admissibility of sex-related convictions for impeachment purposes, the important policy considerations underlying due process and the right to a fair trial require the trial judge to exercise discretion in deciding to permit the introduction of convictions for impeachment. Because of the distinct danger that a jury will consider sex-related convictions to bear on the propensity of the complainant to engage in sexual conduct, a trial judge should exercise caution before admitting these convictions. See *Commonwealth* v. *Fano*, 400 Mass. 296, 303 (1987) (admission of prior conviction substantially similar to crime being tried presents risk that jury may be diverted from question of defendant's guilt to question of defendant's bad character). The judge should consider whether there is other available evidence to impeach the complainant's credibility including convictions that are not sexual in nature. Furthermore, a judge should instruct the jury as to the limited evidentiary purpose of the convictions.

In this case the prostitution-related convictions of the complainant met the admissibility criteria of § 21. The judge had discretionary authority to admit the convictions and he chose to exclude them. He exercised his discretion fairly. He decided to exclude both the complainant's prostitution convictions and a prior indecent assault and battery conviction the Commonwealth sought to introduce against the defendant. The judge did not abuse his discretion in excluding the prostitution convictions. Thus, I concur that the defendant's conviction of aggravated rape should be affirmed.